Vivian GOFFNEY, Relator,

v.

Honorable Robert LOWRY,
Judge, Respondent.

No. B–6739.

Supreme Court of Texas.

June 22, 1977.

A final judgment terminating the parent-child relationship between Vivian Goffney, the relator, and her two small children has been rendered by Honorable Robert L. Lowry, respondent and Judge of Juvenile Court No. 1 of Harris County. Relator Goffney then undertook an appeal from that judgment. She and the interested parties followed Rule 355 of the Rules of Civil Procedure. Relator filed an affidavit of inability to pay or secure any part of the costs of appeal; the District Clerk filed a contest of her inability to pay costs; a hearing was then held at which time relator Goffney testified and took the burden of proving the truth of her affidavit. Judge Lowry filed his findings of fact and conclusions of law, and he sustained the contest. Relator Goffney next sought an original writ of mandamus in the Court of Civil Appeals for the First Supreme Judicial District. Her application was denied. She then initiated this original proceeding here.

■■■ Respondent has moved that we dismiss the application because the Court of Civil Appeals has rendered judgment that relator is not entitled to appeal without giving security for costs, and relator has failed to seek our order against the justices of that Court to set aside their judgment. While it would not be inappropriate to include the justices of the appellate court as parties and to seek mandamus to rescind their action of dismissal, it is not necessary that this be done. Relator could not obtain our review of the judgment of the Court of Civil Appeals by application for writ of error. *Alexander v. Meredith*, 137 Tex. 37, 152 S.W.2d 732 (1941). This Court has jurisdiction to direct mandamus to an act of the trial court despite the contrary action of a court of civil appeals and without acting directly against the appellate court justices and their order. *Gulf C. & S.F. Ry. Co. v. Muse*, 109 Tex. 352, 207 S.W. 897 (1919).

Nicholas R. Serna, Houston, for relator.

Joe Resweber, County Atty., J. Alexander Johnson, Asst. County Atty., Houston, for respondent.

REAVLEY, Justice.

This relator is entitled to a writ of mandamus because the fact findings of the trial court require that the contest to the relator's affidavit of inability to pay the costs of appeal be overruled.

■■■ The relator comes here without a statement of facts of the testimony given in the hearing before the trial court on the

contest of inability to secure costs. This would ordinarily be fatal to relator's cause, but in this matter the trial judge was careful to prepare findings of fact which present the legal issue clearly—thereby avoiding unnecessary costs and difficulty for all concerned.

The relator is a 19 year old unskilled black female with only a ninth grade education. She has no husband or parents and lives with a cousin who is now supporting her and her children. She was unemployed at the time of the hearing, although she had sought employment and had held three different jobs in the six weeks prior to the hearing. Public assistance funds had been received but consumed. She could not afford to retain counsel and was, and is, represented by attorneys of the Houston Legal Foundation, a legal service organization which provides representation for indigent residents of Harris County. On the day of the hearing in the company of her attorney she had sought loans unsuccessfully from four loan companies.

Three grounds are given for sustaining the contest. The County Attorney, representing the District Clerk, urges that the Houston Legal Foundation had funds which could have been used to pay the costs. Secondly, the trial court found that relator "had a television or stereo set and that she had not attempted to sell, mortgage, or pawn it." During oral submission of this cause, her attorney stated that this was a record player, purchased secondhand, and was her only personal property. The County Attorney accepted the statement. Finally, the basis of the Court of Civil Appeals decision, and apparently the principal ground of the trial court's action, was relator's testimony that she thought she could borrow money from her cousin. Our holding is that because of the impoverished circumstances of this relator, any funds that she might obtain for costs of court could be nothing more than charity, and the possibilities of her obtaining that charity do not justify denying her right to appeal without securing the costs.

The starting point in this matter is the inquiry set forth in *Pinchback v. Hockless*, 139 Tex. 536, 164 S.W.2d 19 (Tex.Com.App. 1942): Would the applicant be "unable to pay the costs, or a part thereof, if he really wanted to and made a good-faith effort to do so?" The court there explains:

[I]f a laborer was barely earning the necessities of life for himself and family, ordinarily he should not be required to mortgage his hand tools or household furniture in order to raise funds to pay the court costs. On the other hand, if a party has a credit rating that will enable him to borrow the money, or if he is earning a substantial income, although he is expending it as rapidly as it comes in, or if he owns an automobile or truck or other valuable property, although exempt from execution, which he could mortgage or otherwise dispose of and thereby secure the necessary funds without depriving himself and his family of the necessities of life, he should be required to pay the costs, or give security therefor. 164 S.W.2d 20.

We fully appreciate the principles announced in *Pinchback v. Hockless.* The rules allowing one to proceed without being required to pay costs or give security therefor were "*adopted to protect the weak against the strong, and to make sure that no man should be denied a forum in which to adjudicate his rights merely because he is too poor to pay the court costs.*" 164 S.W.2d 20. [Emphasis added.] The law does not afford the right of appeal as an idle gesture or as something easily lost. Furthermore, these rules do not require the litigant to borrow money which cannot be repaid except by depriving the litigant of the necessities of life.

The findings of the trial judge establish that Vivian Goffney *is* destitute and dependent upon others for the necessities of life. It is not disputed that a portion of her past income was derived from public assistance. The fact that any individual is dependent upon the charity of the public afforded through the various welfare programs is, by itself, prima facie evidence that the person is financially unable to pay

the court costs or give security therefor. The facts that Vivian Goffney and her children are dependent upon the charity of her cousin, that Vivian has not been regularly employed, and that Vivian could not obtain loans from commercial lenders to pay for court costs merely buttress this conclusion that she is financially unable to meet any of the court costs or give security therefor.

Rule 355 only requires that Vivian Goffney show that *she* is unable to pay the costs of appeal—not that her cousin is unable to do so. Perhaps the cousin could find the means for this purpose and perhaps she would do this for relator—and perhaps not. If the cousin did so, it would not be a bona fide "loan" because relator has no means or expectancy of repayment at any foreseeable time. It would simply be an additional gift which, together with the cost of her upkeep, may or may not be repaid some day. If all potential sources of charity must be exhausted prior to the proof of inability to pay court costs, the trial judge need not grant the privilege to anyone. This is not the applicant's burden under Texas law.

We direct Judge Lowry to enter an order overruling the contest to relator's affidavit of inability to pay costs, and authorizing relator to appeal on her affidavit of inability to pay costs. Upon the entry of that order her appeal will then be perfected. Rule 363, Texas Rules of Civil Procedure.

The mandamus is granted, but the writ will be issued only if necessary.