# NO. 12-06-00340-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ELIZABETH ELENA DARBY, APPELLANT* | § | *APPEAL FROM THE 402ND* |
| *V.* | | |
| | § | *JUDICIAL DISTRICT COURT OF* |
| *CHESTER DUANE DARBY, BECKY CASTLOO-WHEELER AND JENICA TURNER, APPELLEES* | | |
| | § | *WOOD COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Elizabeth Elena Darby appeals from an order sustaining a contest to her affidavit of indigence and denying her request for payment for the records needed to pursue the appeal of her divorce from Chester Duane Darby. In twelve issues, Elizabeth contends the trial court abused its discretion in sustaining the contest and erred by failing to admit her exhibits, holding her to the same rules required of attorneys, and in failing to make certain statutorily required findings. We affirm.

## BACKGROUND

On December 19, 2005, the trial court entered a final order in the divorce between Elizabeth and Chester. Elizabeth filed a notice of appeal and an affidavit of indigence, pro se, asserting that she is unable to pay the cost of the district clerk's and reporter's records necessary for the appeal. In her affidavit, she stated that she has a monthly income of $690.00 in Social Security survivor's benefits, personal property valued at $26,870.00, cash in the amount of $356.00, and debts in the amount of $64,438.91. Further, her monthly expenses total $2,071.64. She stated that she is currently in bankruptcy; attorney fees are not contingent; no court costs are being advanced; she is

currently unemployed, seeking employment, and taking classes to enhance her qualifications; and she has sold some household furnishings to pay monthly expenses.

The court reporter, the district court clerk, and Chester each filed contests to the affidavit. Elizabeth, appearing pro se, testified at the hearing. She brought some documents with her, including some bankruptcy documents. Counsel for each contesting party questioned her while they consulted those documents. Although Elizabeth told the court that she wanted the documents introduced, they were not introduced into evidence.

She explained that, although she stated in her affidavit that the value of her two horses is $1,000.00, or $500.00 each, one of them may need to be "put down" because it has a fractured leg. But she also testified that she may be able to get up to a $1,000.00 for the other horse if she sold her. She also explained that she had mistakenly typed in the amount of the loan against the horse trailer as $3,000.00 when it is actually $3,600.00. She stated that she had two paintings that have been sold for a total of $325,000.00. The money was turned over to the bankruptcy court and she did not expect to receive any of it. She said she had already exhausted the supply of loans from family and that, because she is in bankruptcy, no lending institution is going to lend her any money. When the bankruptcy court seized all of her money, she borrowed $3,600.00 from her mother "just to get along." She talked to her mother about borrowing money from her to pay for the appeal and her mother said she has no money to spend. She did not use the $3,600.00 to pay for the record because she had other expenses such as rent, utilities, and taking care of the horses.

At the time of the hearing, she was living with someone because she had been evicted. She did not presently pay rent, utilities, or food costs but she owed the man she was living with for those costs. She is also behind in paying for board for the horses. She acknowledged having a suit pending against Texas Workforce Commission "for unemployment" and that she had sold some personal property and given some personal property to family members. She is a registered nurse in two states. She applied for many jobs in 2006 and was recently hired to work part time for East Texas Medical Center for $25.00 an hour. Elizabeth was 62 years old at the time of the hearing and recently had surgery on her back. Therefore, she cannot work as she had in the past. She told the court she would pay whatever she could toward the record, when she could. No other evidence was presented.

The trial court sustained the contest to Elizabeth's affidavit of indigence. In its written order, the trial court found that Elizabeth had substantially complied with Rule 20.1(b) of the Texas Rules of Appellate Procedure, which governs affidavits of indigence. The court found that Elizabeth did not prove, and her affidavit did not state, what amount of costs, if any, she could pay; the fair market value of her assets; or her ability to obtain a loan to raise funds to pay for the record. Additionally, the court expressed concern over the expenses to board the horses. The court denied Elizabeth's request for the district clerk's and reporter's records without payment.

## PRO SE LITIGANT

In her ninth issue, Elizabeth contends the trial court abused its discretion in holding her to the same stringent rules required by attorneys. The statutes and rules of evidence and procedure are applicable to pro se litigants the same as a litigant represented by an attorney. Otherwise, an advantage is given to a party not represented by an attorney. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978). We overrule Elizabeth's ninth issue.

## EXCLUSION OF EVIDENCE

In her tenth issue, Elizabeth asserts that the trial court erred in failing to admit her documents into evidence. She argues that the trial court committed plain error resulting in material prejudice to a substantial right when it allowed opposing counsel to use her documents during their cross examination of her and yet not admit the documents into evidence.

An appellate court does not reach the question of whether evidence was erroneously excluded unless the complaint has first been preserved for review. *See McInnes v. Yamaha Motor Corp., U.S.A.*, 673 S.W.2d 185, 187 (Tex. 1984). To preserve error on appeal, a party must present to the trial court a timely request, motion, or objection, state the specific grounds therefor, and obtain a ruling that appears in the record. TEX. R. APP. P. 33.1(a). To challenge exclusion of evidence by the trial court on appeal, the complaining party must present the excluded evidence to the trial court by offer of proof or bill of exception. TEX. R. EVID. 103(a), (b). An offer of proof consists of making the substance of the evidence known to the court and must be made before the court, the court reporter, and opposing counsel, and preserved in the reporter's record. *In re Estate of Miller*,

243 S.W.3d 831, 837 (Tex. App.–Dallas 2008, no pet.). When there is no offer of proof made before the trial court, the party must introduce the excluded testimony into the record by a formal bill of exception. TEX. R. APP. P. 33.2; *In re Estate of Miller*, 243 S.W.3d at 837. To complain on appeal about a matter that would not otherwise appear in the record, an appellant is required to make a formal bill of exception within thirty days of filing the notice of appeal, including the precise evidence the party desires admitted, and present it to the trial court. TEX. R. APP. P. 33.2(c), (e)(1); *In re Estate of Miller*, 243 S.W.3d at 837. Simply filing the excluded evidence with the trial court is not sufficient to make a proper bill of exceptions, even though it is part of the record on appeal. *Id.* at 838.

At the hearing, Elizabeth explained to the court that she brought original documents in support of the expenses and bills listed in her affidavit of indigence. When the court asked if she wanted to introduce something, she answered, "Yes." At that point in the proceeding, an attorney interjected a comment and a discussion ensued about whether Elizabeth's affidavit met the requirements of Rule 20.1. Elizabeth was sworn in and testified. It appears from the record that opposing counsel consulted the documents Elizabeth brought while cross examining her. After she testified, the court asked her if there was anything else she wanted to put on. Elizabeth replied, "No, unless you wanted these." The court responded, "I take it you rest." During her final argument, Elizabeth tried to explain that she had three credit cards. She said, "They're presented as evidence, but it's not been taken yet. They're in here." When she finished, the court said, "Thank you, ma'am," and made its ruling.

Elizabeth attempted to offer documents into evidence and the trial court impliedly excluded the evidence. However, Elizabeth made no offer of proof of the excluded evidence. In her brief, she states that copies of the documents are in the appellate record. She did not state where in the record the documents could be found and we were unable to locate them in our review of the record. Even if it were in the record, simply filing the excluded evidence is not sufficient to make a proper bill of exceptions. *See id.* Because Elizabeth failed to make an offer of proof or file a formal bill of exceptions at the trial stage, she has failed to preserve the issue for appeal. *Id.* We overrule Elizabeth's tenth issue.

In her first, sixth, seventh, eighth, eleventh, and twelfth issues, Elizabeth contends the trial court abused its discretion in sustaining the contest. She argues that the evidence shows she is indigent and the trial court could not reasonably have reached its decision on the record before it. She contends that she presented evidence of her assets and their values. She argues that she was awarded six horses in the divorce, two of which died, two she sold, and her possession of the remaining two horses should not be held against her. She also does not see a horse as a benefit. She argues that she sold some of her property to pay for the essentials of life and, due to the bankruptcy, could not get a loan. She further argues that the trial court erred in not reviewing her pleadings wherein she stated that the approximate cost of the records would be in excess of $2,000.00 and in failing to acknowledge her statement that she was willing to make arrangements for payment of costs. In her fourth issue, she contends the trial court erred by failing to state the reasons for its ruling in the order.

**Applicable Law**

A party may appeal as an indigent by filing an affidavit of indigence pursuant to Rule 20.1 of the rules of appellate procedure. *See* TEX. R. APP. P. 20.1. If the court reporter or another party files a contest, the party who filed the affidavit must prove her indigence. *White v. Bayless*, 40 S.W.3d 574, 576 (Tex. App.–San Antonio 2001, pet. denied). In the trial court, the test for indigence is whether a preponderance of the evidence shows that the party would be unable to pay costs if she really wanted to and made a good faith effort to do so. *Griffin Indus., Inc. v. Thirteenth Court of Appeals*, 934 S.W.2d 349, 351 (Tex. 1996) (orig. proceeding). When the trial court sustains a contest, the court of appeals must decide whether the trial judge abused his discretion. *See White*, 40 S.W.3d at 576. An abuse of discretion occurs when the trial court acts without reference to any guiding rules or principles so that the ruling is so arbitrary and unreasonable as to be clearly wrong. *Id*. With respect to resolution of factual issues, the trial court abuses its discretion if the record establishes it could reasonably have reached only one decision, and fails to do so. *Garza v. Garza*, 155 S.W.3d 471, 475 (Tex. App.–San Antonio 2004, no pet.). A trial court is given great latitude in believing or disbelieving a witness's testimony, particularly when the witness is interested in the outcome. *In re Jane Doe 4*, 19 S.W.3d 322, 325 (Tex. 2000).

**Discussion**

The trial judge stated that he had not reviewed the pleadings so he did not know which of the rule's requirements those contesting the affidavit claimed Elizabeth had not met. Elizabeth argues that this statement shows why the judge believed she did not properly assert the cost of the record. Although there was a statement to the contrary by an attorney at the hearing, there is no requirement that the affiant prove how much the record will cost. *See* TEX. R. APP. P. 20.1. Further, the trial judge never found that she failed to prove how much the record will cost. Therefore, the trial judge's statement that he had not reviewed the pleadings is inconsequential.

The evidence before the trial court included only Elizabeth's affidavit of indigence and her testimony at the hearing. At the beginning of the hearing, the trial judge stated that he would take "judicial notice of the file." There is no explanation as to which file he was taking judicial notice of. Only the file of the contest to the affidavit of indigence is before us to review. In her affidavit, Elizabeth listed her assets including one truck, one horse trailer, two horses, one dog, and household furnishings and appliances. More than fifty percent of the value of Elizabeth's assets is attributed to the 2004 pickup truck, on which she owes $10,000.00 more than it is worth. However, the horse trailer is listed as being worth $9,000.00. The trial court was free to consider Elizabeth's explanations as to how she arrived at her valuations and give them as much weight as it deemed appropriate. *See In re Jane Doe 4*, 19 S.W.3d at 325.

Between the date she filed her notice of appeal in the divorce case and the date she filed her affidavit of indigence, she pledged the $9,000.00 horse trailer as security for the $3,600.00 loan from her mother, making it unavailable to be sold to pay for the record. She did not choose to spend the $3,600.00 to pay for the record. She testified that she might be able to sell one of the horses for $500.00 to $1,000.00, which could have paid a portion of the costs of the record. If she gave away or sold her remaining two horses, the $500.00 a month spent on their care would be available. Further, Elizabeth admitted having given some items of personal property to family members. Elizabeth's failure to make a proper effort to raise the necessary money after the divorce decree was entered can be considered by the trial court. *See Ranier v. Brown*, 623 S.W.2d 682, 686 (Tex. App.–Houston [1st Dist.] 1981, orig. proceeding).

Elizabeth's proof shows that she has very little income, very little potential for greater

6

income, significant indebtedness, few assets, and is in bankruptcy proceedings. While Elizabeth is in the midst of a difficult time in her life with bills exceeding her income and trouble finding suitable employment, failing to pursue and use assets that could be used to provide funds for paying for the record does not show the required good faith effort. *See White*, 40 S.W.3d at 576. Her statement that she was willing to make arrangements for payment of costs could be construed by the trial court as an admission by Elizabeth that she could pay for the record over time. Based on this record, the trial court could reasonably have concluded that Elizabeth would be able to pay the costs of appeal if she really wanted to and made a good faith effort to do so. *See Griffin Indus.*, 934 S.W.2d at 351. Therefore, the trial court did not abuse its discretion in sustaining the contest to Elizabeth's affidavit of inability to pay costs on appeal. Contrary to Elizabeth's assertion, the court stated its reasons for ruling against her in the order. We overrule her first, fourth, sixth, seventh, eighth, eleventh, and twelfth issues.

### CONTENTS OF AFFIDAVIT

In her second issue, Elizabeth asserts that her affidavit was in compliance with the rules of appellate procedure and the courts must liberally construe the requirements in favor of the indigent. In her fifth issue, she contends the trial court abused its discretion "on the mandatory contents of the affidavit of indigency" and asserts the trial court should have given her the opportunity to correct defects.

Before hearing Elizabeth's testimony, the trial judge stated on the record that he thought he should be "fairly liberal" in regard to form. Later, after some questions by the court about the acknowledgment in the affidavit, the court stated that the area of truthfulness is addressed sufficiently, particularly in light of the liberal interpretation. In the order, the court found that Elizabeth substantially complied with Rule 20.1(b) as to the requirement that the affidavit be sworn. The court further found, and sustained the contest to the affidavit because, she did not prove the affidavit's allegations by a preponderance of the evidence. The court did not sustain the contest because of alleged deficiencies in the affidavit. We overrule Elizabeth's second and fifth issues.

7

## SECTION 13.003 FINDINGS

In her third issue, Elizabeth contends the trial court erred by not establishing whether her appeal is frivolous and whether the records are necessary to decide the appeal as required by Texas Civil Practice and Remedies Code Section 13.003. The statute requires that before the trial court orders the court reporter and clerk to provide a free record, the trial court must find that the appeal is not frivolous and the records are needed to decide the issue presented on appeal. TEX. CIV. PRAC. & REM. CODE ANN. § 13.003 (Vernon 2002). Because the trial court determined that Elizabeth was not indigent, it was unnecessary for the court to reach the issues of whether the appeal was frivolous or the records necessary. *See Baughman v. Baughman*, 65 S.W.3d 309, 314-15 (Tex. App.–Waco 2001, pet. denied). We overrule Elizabeth's third issue.

## BANKRUPTCY DISTRIBUTION

The clerk, court reporter, and Chester all contend in a counterissue that Elizabeth should be ordered to pay all costs because, while this matter has been pending in the court of appeals, she received funds from the bankruptcy court. Chester also filed a motion to dismiss the appeal as moot for the same reason. Our record shows, and Elizabeth admits, she received a check in the amount of $18,117.85 in early 2007. Due to our disposition of Elizabeth's issues, however, we need not address the counterissue. *See* TEX. R. APP. P. 47.1. We overrule as moot Chester's motion to dismiss.

## CONCLUSION

Elizabeth did not prove by a preponderance of the evidence that she is indigent. Therefore, the trial court did not abuse its discretion in sustaining the contest to her affidavit of indigence. We *affirm* the trial court's order.

SAM GRIFFITH
Justice

Opinion delivered May 14, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

8