NO. 12-06-00340-CV



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


ELIZABETH ELENA DARBY,
§
 APPEAL FROM THE 402ND

APPELLANT


V.


§
 JUDICIAL DISTRICT COURT OF

CHESTER DUANE DARBY,

BECKY CASTLOO-WHEELER

AND JENICA TURNER,

APPELLEES
§
 WOOD COUNTY, TEXAS

 

MEMORANDUM OPINION


 Elizabeth Elena Darby appeals from an order sustaining a contest to her affidavit of indigence
and denying her request for payment for the records needed to pursue the appeal of her divorce from
Chester Duane Darby. In twelve issues, Elizabeth contends the trial court abused its discretion in
sustaining the contest and erred by failing to admit her exhibits, holding her to the same rules
required of attorneys, and in failing to make certain statutorily required findings. We affirm.


Background

 On December 19, 2005, the trial court entered a final order in the divorce between Elizabeth
and Chester. Elizabeth filed a notice of appeal and an affidavit of indigence, pro se, asserting that
she is unable to pay the cost of the district clerk's and reporter's records necessary for the appeal. 
In her affidavit, she stated that she has a monthly income of $690.00 in Social Security survivor's
benefits, personal property valued at $26,870.00, cash in the amount of $356.00, and debts in the
amount of $64,438.91. Further, her monthly expenses total $2,071.64. She stated that she is
currently in bankruptcy; attorney fees are not contingent; no court costs are being advanced; she is
currently unemployed, seeking employment, and taking classes to enhance her qualifications; and
she has sold some household furnishings to pay monthly expenses.

 The court reporter, the district court clerk, and Chester each filed contests to the affidavit. 
Elizabeth, appearing pro se, testified at the hearing. She brought some documents with her,
including some bankruptcy documents. Counsel for each contesting party questioned her while they
consulted those documents. Although Elizabeth told the court that she wanted the documents 
introduced, they were not introduced into evidence. 

 She explained that, although she stated in her affidavit that the value of her two horses is
$1,000.00, or $500.00 each, one of them may need to be "put down" because it has a fractured leg. 
But she also testified that she may be able to get up to a $1,000.00 for the other horse if she sold her. 
She also explained that she had mistakenly typed in the amount of the loan against the horse trailer
as $3,000.00 when it is actually $3,600.00. She stated that she had two paintings that have been sold
for a total of $325,000.00. The money was turned over to the bankruptcy court and she did not
expect to receive any of it. She said she had already exhausted the supply of loans from family and
that, because she is in bankruptcy, no lending institution is going to lend her any money. When the
bankruptcy court seized all of her money, she borrowed $3,600.00 from her mother "just to get
along." She talked to her mother about borrowing money from her to pay for the appeal and her
mother said she has no money to spend. She did not use the $3,600.00 to pay for the record because
she had other expenses such as rent, utilities, and taking care of the horses.

 At the time of the hearing, she was living with someone because she had been evicted. She
did not presently pay rent, utilities, or food costs but she owed the man she was living with for those
costs. She is also behind in paying for board for the horses. She acknowledged having a suit
pending against Texas Workforce Commission "for unemployment" and that she had sold some
personal property and given some personal property to family members. She is a registered nurse
in two states. She applied for many jobs in 2006 and was recently hired to work part time for East
Texas Medical Center for $25.00 an hour. Elizabeth was 62 years old at the time of the hearing and
recently had surgery on her back. Therefore, she cannot work as she had in the past. She told the
court she would pay whatever she could toward the record, when she could. No other evidence was
presented. 

 The trial court sustained the contest to Elizabeth's affidavit of indigence. In its written order,
the trial court found that Elizabeth had substantially complied with Rule 20.1(b) of the Texas Rules
of Appellate Procedure, which governs affidavits of indigence. The court found that Elizabeth did
not prove, and her affidavit did not state, what amount of costs, if any, she could pay; the fair market
value of her assets; or her ability to obtain a loan to raise funds to pay for the record. Additionally,
the court expressed concern over the expenses to board the horses. The court denied Elizabeth's
request for the district clerk's and reporter's records without payment.


Pro Se Litigant

 In her ninth issue, Elizabeth contends the trial court abused its discretion in holding her to
the same stringent rules required by attorneys. The statutes and rules of evidence and procedure are
applicable to pro se litigants the same as a litigant represented by an attorney. Otherwise, an
advantage is given to a party not represented by an attorney. Mansfield State Bank v. Cohn, 573
S.W.2d 181, 184-85 (Tex. 1978). We overrule Elizabeth's ninth issue.


Exclusion of Evidence

 In her tenth issue, Elizabeth asserts that the trial court erred in failing to admit her documents
into evidence. She argues that the trial court committed plain error resulting in material prejudice
to a substantial right when it allowed opposing counsel to use her documents during their cross
examination of her and yet not admit the documents into evidence.

 An appellate court does not reach the question of whether evidence was erroneously excluded
unless the complaint has first been preserved for review. See McInnes v. Yamaha Motor Corp.,
U.S.A., 673 S.W.2d 185, 187 (Tex. 1984). To preserve error on appeal, a party must present to the
trial court a timely request, motion, or objection, state the specific grounds therefor, and obtain a
ruling that appears in the record. Tex. R. App. P. 33.1(a). To challenge exclusion of evidence by
the trial court on appeal, the complaining party must present the excluded evidence to the trial court
by offer of proof or bill of exception. Tex. R. Evid. 103(a), (b). An offer of proof consists of
making the substance of the evidence known to the court and must be made before the court, the
court reporter, and opposing counsel, and preserved in the reporter's record. In re Estate of Miller,
243 S.W.3d 831, 837 (Tex. App.-Dallas 2008, no pet.). When there is no offer of proof made before
the trial court, the party must introduce the excluded testimony into the record by a formal bill of
exception. Tex. R. App. P. 33.2; In re Estate of Miller, 243 S.W.3d at 837. To complain on appeal
about a matter that would not otherwise appear in the record, an appellant is required to make a
formal bill of exception within thirty days of filing the notice of appeal, including the precise
evidence the party desires admitted, and present it to the trial court. Tex. R. App. P. 33.2(c), (e)(1);
In re Estate of Miller, 243 S.W.3d at 837. Simply filing the excluded evidence with the trial court
is not sufficient to make a proper bill of exceptions, even though it is part of the record on appeal. 
Id. at 838.

 At the hearing, Elizabeth explained to the court that she brought original documents in
support of the expenses and bills listed in her affidavit of indigence. When the court asked if she
wanted to introduce something, she answered, "Yes." At that point in the proceeding, an attorney
interjected a comment and a discussion ensued about whether Elizabeth's affidavit met the
requirements of Rule 20.1. Elizabeth was sworn in and testified. It appears from the record that
opposing counsel consulted the documents Elizabeth brought while cross examining her. After she
testified, the court asked her if there was anything else she wanted to put on. Elizabeth replied, "No,
unless you wanted these." The court responded, "I take it you rest." During her final argument,
Elizabeth tried to explain that she had three credit cards. She said, "They're presented as evidence,
but it's not been taken yet. They're in here." When she finished, the court said, "Thank you,
ma'am," and made its ruling.

 Elizabeth attempted to offer documents into evidence and the trial court impliedly excluded
the evidence. However, Elizabeth made no offer of proof of the excluded evidence. In her brief, she
states that copies of the documents are in the appellate record. She did not state where in the record
the documents could be found and we were unable to locate them in our review of the record. Even
if it were in the record, simply filing the excluded evidence is not sufficient to make a proper bill of
exceptions. See id. Because Elizabeth failed to make an offer of proof or file a formal bill of
exceptions at the trial stage, she has failed to preserve the issue for appeal. Id. We overrule
Elizabeth's tenth issue.



Determination of No Indigence

 In her first, sixth, seventh, eighth, eleventh, and twelfth issues, Elizabeth contends the trial
court abused its discretion in sustaining the contest. She argues that the evidence shows she is
indigent and the trial court could not reasonably have reached its decision on the record before it. 
She contends that she presented evidence of her assets and their values. She argues that she was
awarded six horses in the divorce, two of which died, two she sold, and her possession of the
remaining two horses should not be held against her. She also does not see a horse as a benefit. She
argues that she sold some of her property to pay for the essentials of life and, due to the bankruptcy,
could not get a loan. She further argues that the trial court erred in not reviewing her pleadings
wherein she stated that the approximate cost of the records would be in excess of $2,000.00 and in
failing to acknowledge her statement that she was willing to make arrangements for payment of
costs. In her fourth issue, she contends the trial court erred by failing to state the reasons for its
ruling in the order.

Applicable Law

 A party may appeal as an indigent by filing an affidavit of indigence pursuant to Rule 20.1
of the rules of appellate procedure. See Tex. R. App. P. 20.1. If the court reporter or another party
files a contest, the party who filed the affidavit must prove her indigence. White v. Bayless, 40
S.W.3d 574, 576 (Tex. App.-San Antonio 2001, pet. denied). In the trial court, the test for indigence
is whether a preponderance of the evidence shows that the party would be unable to pay costs if she
really wanted to and made a good faith effort to do so. Griffin Indus., Inc. v. Thirteenth Court of
Appeals, 934 S.W.2d 349, 351 (Tex. 1996) (orig. proceeding). When the trial court sustains a
contest, the court of appeals must decide whether the trial judge abused his discretion. See White,
40 S.W.3d at 576. An abuse of discretion occurs when the trial court acts without reference to any
guiding rules or principles so that the ruling is so arbitrary and unreasonable as to be clearly wrong. 
Id. With respect to resolution of factual issues, the trial court abuses its discretion if the record
establishes it could reasonably have reached only one decision, and fails to do so. Garza v. Garza,
155 S.W.3d 471, 475 (Tex. App.-San Antonio 2004, no pet.). A trial court is given great latitude
in believing or disbelieving a witness's testimony, particularly when the witness is interested in the
outcome. In re Jane Doe 4, 19 S.W.3d 322, 325 (Tex. 2000).


Discussion

 The trial judge stated that he had not reviewed the pleadings so he did not know which of the
rule's requirements those contesting the affidavit claimed Elizabeth had not met. Elizabeth argues
that this statement shows why the judge believed she did not properly assert the cost of the record. 
Although there was a statement to the contrary by an attorney at the hearing, there is no requirement
that the affiant prove how much the record will cost. See Tex. R. App. P. 20.1. Further, the trial
judge never found that she failed to prove how much the record will cost. Therefore, the trial judge's
statement that he had not reviewed the pleadings is inconsequential.

 The evidence before the trial court included only Elizabeth's affidavit of indigence and her
testimony at the hearing. At the beginning of the hearing, the trial judge stated that he would take
"judicial notice of the file." There is no explanation as to which file he was taking judicial notice
of. Only the file of the contest to the affidavit of indigence is before us to review. In her affidavit,
Elizabeth listed her assets including one truck, one horse trailer, two horses, one dog, and household
furnishings and appliances. More than fifty percent of the value of Elizabeth's assets is attributed
to the 2004 pickup truck, on which she owes $10,000.00 more than it is worth. However, the horse
trailer is listed as being worth $9,000.00. The trial court was free to consider Elizabeth's
explanations as to how she arrived at her valuations and give them as much weight as it deemed
appropriate. See In re Jane Doe 4, 19 S.W.3d at 325.

 Between the date she filed her notice of appeal in the divorce case and the date she filed her
affidavit of indigence, she pledged the $9,000.00 horse trailer as security for the $3,600.00 loan from
her mother, making it unavailable to be sold to pay for the record. She did not choose to spend the
$3,600.00 to pay for the record. She testified that she might be able to sell one of the horses for
$500.00 to $1,000.00, which could have paid a portion of the costs of the record. If she gave away
or sold her remaining two horses, the $500.00 a month spent on their care would be available. 
Further, Elizabeth admitted having given some items of personal property to family members. 
Elizabeth's failure to make a proper effort to raise the necessary money after the divorce decree was
entered can be considered by the trial court. See Ranier v. Brown, 623 S.W.2d 682, 686 (Tex.
App.-Houston [1st Dist.] 1981, orig. proceeding). 

 Elizabeth's proof shows that she has very little income, very little potential for greater
income, significant indebtedness, few assets, and is in bankruptcy proceedings. While Elizabeth
is in the midst of a difficult time in her life with bills exceeding her income and trouble finding
suitable employment, failing to pursue and use assets that could be used to provide funds for paying
for the record does not show the required good faith effort. See White, 40 S.W.3d at 576. Her
statement that she was willing to make arrangements for payment of costs could be construed by the
trial court as an admission by Elizabeth that she could pay for the record over time. Based on this
record, the trial court could reasonably have concluded that Elizabeth would be able to pay the costs
of appeal if she really wanted to and made a good faith effort to do so. See Griffin Indus., 934
S.W.2d at 351. Therefore, the trial court did not abuse its discretion in sustaining the contest to
Elizabeth's affidavit of inability to pay costs on appeal. Contrary to Elizabeth's assertion, the court
stated its reasons for ruling against her in the order. We overrule her first, fourth, sixth, seventh,
eighth, eleventh, and twelfth issues.


Contents of Affidavit

 In her second issue, Elizabeth asserts that her affidavit was in compliance with the rules of
appellate procedure and the courts must liberally construe the requirements in favor of the indigent. 
In her fifth issue, she contends the trial court abused its discretion "on the mandatory contents of the
affidavit of indigency" and asserts the trial court should have given her the opportunity to correct
defects. 

 Before hearing Elizabeth's testimony, the trial judge stated on the record that he thought he
should be "fairly liberal" in regard to form. Later, after some questions by the court about the
acknowledgment in the affidavit, the court stated that the area of truthfulness is addressed
sufficiently, particularly in light of the liberal interpretation. In the order, the court found that
Elizabeth substantially complied with Rule 20.1(b) as to the requirement that the affidavit be sworn. 
The court further found, and sustained the contest to the affidavit because, she did not prove the
affidavit's allegations by a preponderance of the evidence. The court did not sustain the contest
because of alleged deficiencies in the affidavit. We overrule Elizabeth's second and fifth issues.



Section 13.003 Findings

 In her third issue, Elizabeth contends the trial court erred by not establishing whether her
appeal is frivolous and whether the records are necessary to decide the appeal as required by Texas
Civil Practice and Remedies Code Section 13.003. The statute requires that before the trial court
orders the court reporter and clerk to provide a free record, the trial court must find that the appeal
is not frivolous and the records are needed to decide the issue presented on appeal. Tex. Civ. Prac.
& Rem. Code Ann. § 13.003 (Vernon 2002). Because the trial court determined that Elizabeth was
not indigent, it was unnecessary for the court to reach the issues of whether the appeal was frivolous
or the records necessary. See Baughman v. Baughman, 65 S.W.3d 309, 314-15 (Tex. App.-Waco
2001, pet. denied). We overrule Elizabeth's third issue.


Bankruptcy Distribution

 The clerk, court reporter, and Chester all contend in a counterissue that Elizabeth should be
ordered to pay all costs because, while this matter has been pending in the court of appeals, she
received funds from the bankruptcy court. Chester also filed a motion to dismiss the appeal as moot
for the same reason. Our record shows, and Elizabeth admits, she received a check in the amount
of $18,117.85 in early 2007. Due to our disposition of Elizabeth's issues, however, we need not
address the counterissue. See Tex. R. App. P. 47.1. We overrule as moot Chester's motion to
dismiss.


Conclusion

 Elizabeth did not prove by a preponderance of the evidence that she is indigent. Therefore,
the trial court did not abuse its discretion in sustaining the contest to her affidavit of indigence. We
affirm the trial court's order.

 SAM GRIFFITH 

 Justice


Opinion delivered May 14, 2008.

Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.


(PUBLISH)