

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-12-00127-CV

BEVERLY ANN GARVIN,                                                      APPELLANT
INDIVIDUALLY AND D/B/A
DENTON LIFESTYLES

V.

MEISSNER PUBLISHING, LTD.,                                              APPELLEES
HAROLD MEISSNER, LISA
MEISSNER, AND MINDY BRUCE

------------

FROM THE 431ST DISTRICT COURT OF DENTON COUNTY

------------

## ORDER

------------

This court has received the record from the trial court=s hearing on the contest to appellant Beverly Ann Garvin=s affidavit of indigency and reviewed it to determine whether the trial court abused its discretion in sustaining the contest. *See In re Arroyo*, 988 S.W.2d 737, 739 (Tex. 1998); *In re C.D.S.*, 172 S.W.3d 179, 184 (Tex. App.——Fort Worth 2005, no pet.).

The uncontroverted evidence shows that appellant=s sole income is from social security benefits, that she is unemployed but looking for work, that her living expenses and part of her mortgage are being paid by her ex-husband, and that she is unable to pay for even a partial record of $925. *See In re Doe 4*, 19 S.W.3d 322, 325–26 (Tex. 2000) (holding that trial court cannot ignore uncontroverted evidence even if trial court does not find witness credible).

The test for indigency on appeal is whether an appellant shows by a preponderance of the evidence that she would be unable to pay costs if she really wanted to and made a good faith effort to do so. *In re C.D.S.*, 172 S.W.3d at 184. The supreme court has held that "[t]he rules allowing one to proceed without being required to pay costs or give security therefor . . . do not require the litigant to borrow money which cannot be repaid except by depriving the litigant of the necessities of life." *Goffney v. Lowry*, 554 S.W.2d 157, 159 (Tex. 1977); *Garza v. Garza*, 155 S.W.3d 471, 476 (Tex. App.—San Antonio 2004, order). Nor do those rules require a litigant to prove she has exhausted all potential sources of charity. *Garza*, 155 S.W.3d at 476. Although appellant testified that she had not attempted to obtain a loan on her home equity, she testified that because of the $300,000 judgment against her and her credit history, she did not think she would be able to obtain one. In addition, no one presented evidence showing how appellant would be able to make payments on such a loan while she was unemployed and receiving only social security as income. S*ee Griffin Indus., Inc. v. Honorable Thirteenth Court of Appeals*, 934 S.W.2d 349, 351

2

("Requiring [appellant] to obtain formal loan rejections would exalt form over substance . . . ."); *see also* Tex. R. App. P. 20.1(b)(2) (providing that affidavit must provide court with income only of party and party's spouse); *Rodgers v. Mitchell*, 83 S.W.3d 815, 818 (Tex. App.—Texarkana 2002, no pet.) ("The court must consider only the [appellant's] personal financial condition, not those of his parents, other relatives, friends, or employers.").

Accordingly, we reverse the trial court's order sustaining the contest and hold that appellant is entitled to the reporter's record on appeal without prepayment of costs. *See* Tex. R. App. P. 20.1(k); *Garza*, 155 S.W.3d at 477; *Gonzalez v. Gonzalez*, No. 08-01-00453-CV, 2003 WL 1759587, at *2–3 (Tex. App.—El Paso 2003, no pet.) (mem. op.); *see also* Tex. R. App. P. 20.1(m) (providing that if indigent party later becomes able to pay for costs, appellate court may order party to pay costs to the extent of that party's ability).

The reporter's record on the merits is due **Monday, November 5, 2012**.

The clerk of this court is directed to transmit a copy of the order to the attorneys of record, the trial court judge, the trial court clerk, and the court reporter.

DATED September 21, 2012.

PER CURIAM

3