

NUMBER 13-20-00247-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

---

IN THE INTEREST OF S.H., J.H., C.H., AND J.H., CHILDREN

---

On appeal from the 105th District Court
of Nueces County, Texas.

---

# MEMORANDUM OPINION

**Before Justices Benavides, Hinojosa, and Tijerina**
**Memorandum Opinion by Justice Hinojosa**

On February 13, 2020, appellant Christopher Wayne Holt filed a statement of inability to pay court costs in the trial court. On June 16, 2020, without notice or a hearing, the trial court signed an order granting Holt's request for preparation of a reporter's record but denying Holt's "request for indigence relief." The order states, "All fees for transcript must be paid in advance prior to the preparation of said request." Holt timely filed a motion in this Court pursuant to Rule 145(g)(1) of the Texas Rules of Civil Procedure, challenging the trial court's order. *See* TEX. R. CIV. P. 145(g)(1).

Rule 145 of the Texas Rules of Civil Procedure exempts a party from paying courts costs, including the reporter's fee, if the party files a statement of inability to afford payment of court costs. *Id*. R. 145(a) ("A party who files a Statement of Inability to Afford Payment of Court Costs cannot be required to pay costs except by order of the court as provided by this rule."). As relevant here, the trial court may "require the declarant to prove the inability to afford costs" on its own motion "whenever evidence comes before the court that the declarant may be able to afford costs[.]" *Id*. R. 145(f)(4). However, "[t]he declarant may not be required to pay costs without an oral evidentiary hearing." *Id*. R. 145(f)(5). Further, "[t]he declarant must be given 10 days' notice of the hearing." *Id*. Finally, "[a]n order requiring the declarant to pay costs must be supported by detailed findings that the declarant can afford to pay costs." *Id*. R. 145(f)(6).

A "declarant may challenge an order issued by the trial court under this rule" by filing a motion "in the court of appeals with jurisdiction over an appeal from the judgment in the case." *Id*. R. 145(g)(1). "The court of appeals must rule on the motion at the earliest practicable time." *Id*. R. 145(g)(4). We review a trial court's ruling on a claim of inability to pay costs for abuse of discretion. *See Garza v. Garza*, 155 S.W.3d 471, 475 (Tex. App.—San Antonio 2004, no pet.); *see also Rodriguez v. H-E-B*, No. 10-19-00795-CV, 2020 WL 354766, at *2 (Tex. App.—San Antonio Jan. 22, 2020, no pet.); *Townley v. Lanier*, No. 14-19-00447-CV, 2019 WL 2938897, at *1 (Tex. App.—Houston [14th Dist.] July 9, 2019, no pet.); *Valentine v. Jagodzinski*, No. 03-17-00708-CV, 2017 WL 5559946, at *1 (Tex. App.—Austin Nov. 15, 2017, no pet.); *In re A.R.M.*, No. 05-17-00651-CV, 2017 WL 2962830, at *2 (Tex. App.—Dallas July 12, 2017, no pet.).

2

Here, Holt filed a Statement of Inability to Pay Court Costs that complied with Rule 145. The trial court did not hold an oral evidentiary hearing on its sua sponte challenge to Holt's statement of indigency, instead ruling by submission. Further, the record contains no indication that the trial court afforded Holt the required ten-day notice. Finally, the challenged order is unsupported by findings as required by Rule 145. Given these circumstances, we conclude that the trial court abused its discretion in requiring Holt to pay for the reporter's record. *See id*.; *see also Rodriguez*, 2020 WL 354766, at *2; *Townley*, 2019 WL 2938897, at *1; *In re A.R.M.*, 2017 WL 2962830, at *2; *In re N.L.P.*, No. 06-17-00010-CV, 2017 WL 490701, at *2 (Tex. App.—Texarkana Feb. 7, 2017, no pet.). We reverse the order of the trial court and remand this matter for further proceedings consistent with this opinion. We dismiss any other pending motions as moot.

LETICIA HINOJOSA
Justice

Delivered and filed the
29th day of October, 2020.

3