**Jose Martin CASTILLO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 63673.**

Court of Criminal Appeals of Texas, Panel No. 2.

March 19, 1980.

Michael E. Grimes, Round Rock, for appellant.

James L. McMurtry, County Atty. and Russell J. Bailey, Asst. County Atty., Austin, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, ROBERTS and CLINTON, JJ.

## OPINION

CLINTON, Judge.

This is an appeal from a conviction for the offense of negligent homicide wherein punishment was assessed at sixty days confinement in the Del Valle minimum security facility to be served on consecutive weekends.

The only question presented is whether appellant is entitled to a free transcription of the court reporter's notes in order to prepare his appeal on the merits. Following a hearing on the matter, the trial court denied appellant's request to proceed *in forma pauperis* with a free transcription of the court reporter's notes. For reasons more fully developed below, we grant relief.

The evidence adduced below tended to show that prior to the collision forming the basis of his negligent homicide conviction, appellant was employed as a dump truck driver. Now he is unable to pay insurance premiums, even if insurable, and thus is not employable to drive a commercial vehicle. Appellant is presently employed by his brothers at the rate of approximately $200.00 per month for pumping gas and occasionally driving a tractor. He has no other outside source of income and owns no tangible or material possessions other than his clothes. Appellant had borrowed some $3,500.00 from his family for legal fees and still owed trial counsel some $2,000.00. It was stipulated that the cost of an appellate transcript including a transcription of the court reporter's notes would be somewhere between $2,700.00 and $3,100.00. Appellant made an attempt to borrow funds to perfect an appeal, but was turned down given his lack of collateral to secure such a loan.

Appellant used the $200.00 a month paid to him by his brothers for his own living

expenses with a portion of that going to the continuing support of his mother. Appellant also noted that he usually worked eight hours a day for his brothers, six and sometimes seven days a week. Though appellant is a high school graduate and an able-bodied individual, he has confronted the same hurdles as regards employment opportunities outside of his family that many other individuals similarly situated face.

It is, of course, well settled that a determination of whether an appellant is entitled to a free transcription of the court reporter's notes must be decided on a case by case basis. *Zanghetti v. State,* 582 S.W.2d 461 (Tex.Cr.App.1979). The issue is a matter of financial status at the time of the appeal, not at the time of trial, *Barber v. State,* 542 S.W.2d 412 (Tex.Cr.App.1976) and implicates the personal financial condition of an appellant, not that of his parents or other relatives. *Ex parte King,* 550 S.W.2d 691 (Tex.Cr.App.1977).

Though it is true that appellant obtained the services of retained counsel below, this does not bind counsel to furnish the appellate record at his own expense or to handle the appeal without a fee. *Conrad v. State,* 587 S.W.2d 755 (Tex.Cr.App.1976). In the case before us, retained counsel has performed conscientiously notwithstanding the fact that he may recover only a portion of the expenses he has incurred in representing this appellant, both in the trial court and before this Court in seeking the requested relief.

Our own examination of the record leads us to conclude that appellant has made a *prima facie* showing of a right to a free record on appeal. See *Zanghetti v. State,* supra; *Conrad v. State,* supra; *Barber v. State,* supra. We note, however, that a year has passed since the hearing was held on appellant's motion for a free record and there is always the possibility that his employment situation and financial condition have improved. If the trial court is placed on notice that there may have been such a change that would alter his indigent status, the trial court may hold a hearing to take such circumstances into consideration. *Zanghetti v. State,* supra at 463. We therefore hold that in the absence of a current finding that a change in appellant's financial status that would enable him to pay for the record on appeal, he is entitled to be provided one without cost.

Accordingly, this appeal is abated so that, if need be, appellant will be provided a record and appointed counsel on appeal. See Articles 26.05 and 40.09, V.A.C.C.P.

It is so ordered.