Opinion filed April 30, 2009 











 
 
  
 
 







 
 
  
 
 




Opinion filed April 30,
2009 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                  ___________

 

                                                          No. 11-09-00117-CR

                                           __________

 

                         CHRISTOPHER LAMONT TAYLOR, Appellant

 

                                                             V.

 

                                         STATE
OF TEXAS, Appellee

 



 

                                          On
Appeal from the 32nd District Court

 

                                                           Nolan
County, Texas

 

                                          Trial
Court Cause No. 10512/indigency

 



 

                                            M
E M O R A N D U M    O P I N I O N

This
is an appeal from the trial court=s
order denying Christopher Lamont Taylor=s
motion for a free record on appeal.  We affirm.

                                                         Proceedings
in Trial Court

A. 
Background.

The
jury convicted appellant of possession of cocaine with the intent to deliver. 
After finding the enhancement allegation to be true, the jury assessed his punishment
at confinement for eighty years and a $5,000 fine.








B.
Affidavit of Indigency.

Appellant
filed an affidavit of indigency in which he stated:

My
name is CHRISTOPHER TAYLOR and I am the Defendant in the above-styled and
-numbered cause.  On October 29, 2008, the judgment and imposition of sentence
was entered against me in this cause.  On this day, I have given my written
Notice of Appeal to the 32nd District Court of Nolan County, Texas. 
I am indigent, and I have no money, property or assets of any kind and I am
unable to pay for or give security in order to pay for the Statement of Facts
or Transcript in this cause and I hereby request that the Court order the court
reporter to furnish a Statement of Facts of the entire trial proceedings at no
expense to me and to further order the Clerk to furnish the Transcript in this
cause at no expense to me.

 

C. 
Evidence at Hearing.

At
the hearing on his request for a free record, Sandra Kay Bender was the sole
witness.  Bender testified that appellant was her son and that he was
thirty-seven years old.  Bender stated that she knew he had been convicted in a
drug case and had been sentenced to eighty years in prison.  She testified that
appellant had been incarcerated for five or six months on the drug charge.

Bender
further testified on direct examination that appellant did not have a job, any
banking or savings accounts, a vehicle, any real estate, or any 401(k)s. 
Bender also stated that appellant had no assets and did not have the Akind of money@ to afford an appeal.

On
cross-examination, Bender testified that she had lived in Sweetwater all of her
life and that appellant, when he was not in jail, lived in Lubbock.  She did
not know his address in Lubbock.  While she knew his girlfriend and knew that
the girlfriend drove an SUV, she did not know if appellant had a 2003 Cadillac
registered in his name.

Bender
stated that she did not know how long it had been since appellant had had a job
and that she had never known him to have a job.  She did not know if he had
been out on bond and did not know how he paid his bills.  When asked if he had
any child support obligations, Bender replied, ANo,
don=t know his
personal business like that.@ 
She stated that he Acould@ have a savings or checking
account that she did not know about and that she had never been to his home in
Lubbock. 

D. 
Trial Court=s
Findings and Conclusions.








 The
trial court found that appellant had requested that the trial court take
judicial notice of his timely filed affidavit; that appellant=s mother was the only
witness who testified; and that, on direct examination, she testified that
appellant had no assets.  The trial court further found that, upon
cross-examination, it became apparent that she Adid
not have firsthand knowledge@
of his assets.  The trial court found that, based on her Atestimony and demeanor,@ appellant=s mother was Anot credible on the subject
of [appellant=s]
assets.@

In
its conclusions of law, the trial court concluded that appellant had timely
filed his affidavit and that the timeliness of the affidavit did not establish
that the information in the affidavit was true.  The trial court concluded
that, because the only witness was not credible, it could not consider her
testimony in making its determination.  Finally, the trial court concluded
that, without Asome
credible evidence,@
appellant had not made a prima facie showing of indigencey.

                                                                  Issue
on Appeal

In
his sole issue on appeal, appellant contends that the trial court abused its
discretion in denying his motion for a free record.  Appellant argues that his
mother=s testimony
concerning his lack of assets, together with his affidavit, was sufficient to
present a prima facie case of indigency.  Appellant contends that he
established a prima facie case because the State failed to refute his claims by
offering evidence.  Therefore, appellant argues that the trial court erred by
denying his motion for a free record.  Appellant also challenges the trial
court=s findings of
fact and conclusions of law as resting on conjecture and speculation and not on
facts and evidence.  

                                                                  Applicable
Law

It
is well established in Texas that indigency must be determined on a
case-by-case basis.  Tuck v. State, 215 S.W.3d 411, 414-15 (Tex. Crim.
App. 2007); Whitehead v. State, 130 S.W.3d 866, 872 (Tex. Crim. App.
2004); Janecka v. State, 937 S.W.2d 456, 476 (Tex. Crim. App. 1996); Snoke v.
State, 780 S.W.2d 210, 212 (Tex. Crim. App. 1989); Abdnor v. State,
712 S.W.2d 136, 141 (Tex. Crim. App. 1986); Castillo v. State, 595
S.W.2d 552, 554 (Tex. Crim. App. 1980).  Indigency  must be established at the
time the affidavit is filed.  Tex. R.
App. P. 20.2; Tuck, 215 S.W.3d at 415.

In
order to proceed as an indigent on appeal, the appellant must first make a
prima facie showing of indigencey.  Tuck, 215 S.W.3d at 415; Whitehead,
130 S.W.3d at 874; Snoke, 780 S.W.2d at 213.  Once the appellant has
made a prima facie case, the State then has the burden of refuting appellant=s case and proving that
appellant is not in fact indigent.  Tuck, 215 S.W.3d at 415; Whitehead,
130 S.W.3d at 874; Snoke, 780 S.W.2d at 213.  








In
reviewing the evidence presented, the trial court may only disregard evidence
if Athere is a
reasonable, articulable basis in the record to discount@ such evidence.  Tuck, 215 S.W.3d at
415; Whitehead, 130 S.W.3d at 876.  Reasonable, articulable basis
includes the presence of conflicting evidence or the submission of evidence
that the trial court determines is suspect or inadequate. Whitehead, 130
S.W.3d 876.  Otherwise, the trial court must accept the appellant=s evidence.  Id.

There
is no specific rule or legislation addressing what constitutes a prima facie
case of indigency for the purposes of an appellate record.  In both Tuck and
Whitehead, the Court of Criminal Appeals looked to the guidelines in Tex. Code Crim. Proc. Ann. art. 26.04
(Vernon 2009), which defines the procedures for determining indigency for the
sake of appointment of counsel.  Tuck, 215 S.W.3d at 415; Whitehead,
130 S.W.3d at 877.  

The
trial court may consider appellant=s
income, source of income, assets, any property owned, any outstanding
obligations, necessary expenses, number of dependents, and spousal income available
to appellant.  Article 26.04(m); Tuck, 215 S.W.3d at 415; Whitehead,
130 S.W.3d at 877. Under oath, appellant must complete a questionnaire
concerning his financial resources, or respond to the trial court=s examination concerning
his financial resources, or both.  Article 26.04(n).  The trial court may also
consider appellant=s
ability to borrow funds, sworn testimony, and proper financial documentation.  Whitehead,
130 S.W.3d at 877-78.  Appellant is required to exercise due diligence in
establishing his prima facie case of indigency.  Abdnor, 712 S.W.2d at
140-41.

The
appellate court is limited to the evidence before the trial court at the time
of its ruling.  Whitehead, 130 S.W.3d at 872.  While the appellate court
gives deference to the trial court=s
ruling, the trial court=s
discretion is neither Aunfettered@ nor Aunbridled@; and the trial court must
have a reasonable, articulable basis if appellant=s
evidence is discounted or disregarded.  Whitehead, 130 S.W.3d at 875-76.

                                                                        Analysis

While
the State cross-examined appellant=s
only witness, the State did not present any of its own evidence.  Therefore,
this appeal turns on whether appellant presented a prima facie case of
indigency and, then, on whether the trial court abused its discretion in
denying his request for a free record.








Appellant
filed his affidavit stating that he had Ano
money, no property or assets of any kind@
and that he was Aunable
to pay for or give security in order to pay for the Statement of Facts or
Transcript in this cause.@ 
He provided no details or documentation.  His mother did testify under oath
that appellant had no assets of any kind and could not afford an appeal. 
However, on cross-examination, appellant=s
mother testified that she did not know about his personal business, that he Acould@ have financial accounts
that she did not know about, and that she did not know where he lived or if he
had ever even had a job.  The trial court found that she was not a credible
witness because of her testimony and because of her demeanor.

Under
the specific facts of this case, we find that appellant did not carry his
burden of presenting a prima facie case of indigency.  His affidavit consists
of general statements concerning his lack of financial ability to pay for a
record.  He does not make specific statements concerning his financial
situation, does not support his statements with credible evidence or
documentation, and does not address the factors discussed in Article 26.04 or
in the caselaw.

Appellant
argued at trial and contends on appeal that his mother=s testimony establishes or at least confirms
his prima facie case.  The trial court gave reasonable and articulable reasons
for discounting his mother=s
testimony:  that based on both her testimony and demeanor,  she was Anot credible on the subject
of [appellant=s]
assets.@

When
we review the record, her testimony supports the trial court=s findings and
conclusions.  She had no actual knowledge of appellant=s resources and obligations and had no actual
knowledge of where he lived or his work history.  The trial court did not abuse
its discretion in making its findings and conclusions.  Moreover, the trial
court did not abuse its discretion in denying appellant=s motion for a free record.  The issue on
appeal is overruled.

                                                                        Holding

The
order of the trial court is affirmed.

 

 

TERRY McCALL

JUSTICE

April 30, 2009

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.