**Opinion filed April 30, 2009**



**In The**

# Eleventh Court of Appeals

_____

## No. 11-09-00117-CR

_____

## CHRISTOPHER LAMONT TAYLOR, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 32nd District Court**

**Nolan County, Texas**

**Trial Court Cause No. 10512/indigency**

### M E M O R A N D U M   O P I N I O N

This is an appeal from the trial court's order denying Christopher Lamont Taylor's motion for a free record on appeal.  We affirm.

*Proceedings in Trial Court*

*A.  Background.*

The jury convicted appellant of possession of cocaine with the intent to deliver.  After finding the enhancement allegation to be true, the jury assessed his punishment at confinement for eighty years and a $5,000 fine.

*B. Affidavit of Indigency.*

Appellant filed an affidavit of indigency in which he stated:

> My name is CHRISTOPHER TAYLOR and I am the Defendant in the above-styled and -numbered cause. On October 29, 2008, the judgment and imposition of sentence was entered against me in this cause. On this day, I have given my written Notice of Appeal to the 32nd District Court of Nolan County, Texas. I am indigent, and I have no money, property or assets of any kind and I am unable to pay for or give security in order to pay for the Statement of Facts or Transcript in this cause and I hereby request that the Court order the court reporter to furnish a Statement of Facts of the entire trial proceedings at no expense to me and to further order the Clerk to furnish the Transcript in this cause at no expense to me.

*C. Evidence at Hearing.*

At the hearing on his request for a free record, Sandra Kay Bender was the sole witness. Bender testified that appellant was her son and that he was thirty-seven years old. Bender stated that she knew he had been convicted in a drug case and had been sentenced to eighty years in prison. She testified that appellant had been incarcerated for five or six months on the drug charge.

Bender further testified on direct examination that appellant did not have a job, any banking or savings accounts, a vehicle, any real estate, or any 401(k)s. Bender also stated that appellant had no assets and did not have the "kind of money" to afford an appeal.

On cross-examination, Bender testified that she had lived in Sweetwater all of her life and that appellant, when he was not in jail, lived in Lubbock. She did not know his address in Lubbock. While she knew his girlfriend and knew that the girlfriend drove an SUV, she did not know if appellant had a 2003 Cadillac registered in his name.

Bender stated that she did not know how long it had been since appellant had had a job and that she had never known him to have a job. She did not know if he had been out on bond and did not know how he paid his bills. When asked if he had any child support obligations, Bender replied, "No, don't know his personal business like that." She stated that he "could" have a savings or checking account that she did not know about and that she had never been to his home in Lubbock.

*D. Trial Court's Findings and Conclusions.*

The trial court found that appellant had requested that the trial court take judicial notice of his timely filed affidavit; that appellant's mother was the only witness who testified; and that, on direct examination, she testified that appellant had no assets. The trial court further found that, upon cross-examination, it became apparent that she "did not have firsthand knowledge" of his assets.

2

The trial court found that, based on her "testimony and demeanor," appellant's mother was "not credible on the subject of [appellant's] assets."

In its conclusions of law, the trial court concluded that appellant had timely filed his affidavit and that the timeliness of the affidavit did not establish that the information in the affidavit was true. The trial court concluded that, because the only witness was not credible, it could not consider her testimony in making its determination. Finally, the trial court concluded that, without "some credible evidence," appellant had not made a prima facie showing of indigencey.

*Issue on Appeal*

In his sole issue on appeal, appellant contends that the trial court abused its discretion in denying his motion for a free record. Appellant argues that his mother's testimony concerning his lack of assets, together with his affidavit, was sufficient to present a prima facie case of indigency. Appellant contends that he established a prima facie case because the State failed to refute his claims by offering evidence. Therefore, appellant argues that the trial court erred by denying his motion for a free record. Appellant also challenges the trial court's findings of fact and conclusions of law as resting on conjecture and speculation and not on facts and evidence.

*Applicable Law*

It is well established in Texas that indigency must be determined on a case-by-case basis. *Tuck v. State*, 215 S.W.3d 411, 414-15 (Tex. Crim. App. 2007); *Whitehead v. State*, 130 S.W.3d 866, 872 (Tex. Crim. App. 2004); *Janecka v. State*, 937 S.W.2d 456, 476 (Tex. Crim. App. 1996); *Snoke v. State*, 780 S.W.2d 210, 212 (Tex. Crim. App. 1989); *Abdnor v. State*, 712 S.W.2d 136, 141 (Tex. Crim. App. 1986); *Castillo v. State*, 595 S.W.2d 552, 554 (Tex. Crim. App. 1980). Indigency must be established at the time the affidavit is filed. TEX. R. APP. P. 20.2; *Tuck*, 215 S.W.3d at 415.

In order to proceed as an indigent on appeal, the appellant must first make a prima facie showing of indigencey. *Tuck*, 215 S.W.3d at 415; *Whitehead*, 130 S.W.3d at 874; *Snoke*, 780 S.W.2d at 213. Once the appellant has made a prima facie case, the State then has the burden of refuting appellant's case and proving that appellant is not in fact indigent. *Tuck*, 215 S.W.3d at 415; *Whitehead*, 130 S.W.3d at 874; *Snoke*, 780 S.W.2d at 213.

In reviewing the evidence presented, the trial court may only disregard evidence if "there is a reasonable, articulable basis in the record to discount" such evidence. *Tuck*, 215 S.W.3d at 415; *Whitehead*, 130 S.W.3d at 876. Reasonable, articulable basis includes the presence of conflicting

evidence or the submission of evidence that the trial court determines is suspect or inadequate. *Whitehead*, 130 S.W.3d 876. Otherwise, the trial court must accept the appellant's evidence. *Id*.

There is no specific rule or legislation addressing what constitutes a prima facie case of indigency for the purposes of an appellate record. In both *Tuck* and *Whitehead*, the Court of Criminal Appeals looked to the guidelines in TEX. CODE CRIM. PROC. ANN. art. 26.04 (Vernon 2009), which defines the procedures for determining indigency for the sake of appointment of counsel. *Tuck*, 215 S.W.3d at 415; *Whitehead*, 130 S.W.3d at 877.

The trial court may consider appellant's income, source of income, assets, any property owned, any outstanding obligations, necessary expenses, number of dependents, and spousal income available to appellant. Article 26.04(m); *Tuck*, 215 S.W.3d at 415; *Whitehead*, 130 S.W.3d at 877. Under oath, appellant must complete a questionnaire concerning his financial resources, or respond to the trial court's examination concerning his financial resources, or both. Article 26.04(n). The trial court may also consider appellant's ability to borrow funds, sworn testimony, and proper financial documentation. *Whitehead*, 130 S.W.3d at 877-78. Appellant is required to exercise due diligence in establishing his prima facie case of indigency. *Abdnor*, 712 S.W.2d at 140-41.

The appellate court is limited to the evidence before the trial court at the time of its ruling. *Whitehead*, 130 S.W.3d at 872. While the appellate court gives deference to the trial court's ruling, the trial court's discretion is neither "unfettered" nor "unbridled"; and the trial court must have a reasonable, articulable basis if appellant's evidence is discounted or disregarded. *Whitehead*, 130 S.W.3d at 875-76.

*Analysis*

While the State cross-examined appellant's only witness, the State did not present any of its own evidence. Therefore, this appeal turns on whether appellant presented a prima facie case of indigency and, then, on whether the trial court abused its discretion in denying his request for a free record.

Appellant filed his affidavit stating that he had "no money, no property or assets of any kind" and that he was "unable to pay for or give security in order to pay for the Statement of Facts or Transcript in this cause." He provided no details or documentation. His mother did testify under oath that appellant had no assets of any kind and could not afford an appeal. However, on cross-examination, appellant's mother testified that she did not know about his personal business, that he "could" have financial accounts that she did not know about, and that she did not know where he

4

lived or if he had ever even had a job. The trial court found that she was not a credible witness because of her testimony and because of her demeanor.

Under the specific facts of this case, we find that appellant did not carry his burden of presenting a prima facie case of indigency. His affidavit consists of general statements concerning his lack of financial ability to pay for a record. He does not make specific statements concerning his financial situation, does not support his statements with credible evidence or documentation, and does not address the factors discussed in Article 26.04 or in the caselaw.

Appellant argued at trial and contends on appeal that his mother's testimony establishes or at least confirms his prima facie case. The trial court gave reasonable and articulable reasons for discounting his mother's testimony: that based on both her testimony and demeanor, she was "not credible on the subject of [appellant's] assets."

When we review the record, her testimony supports the trial court's findings and conclusions. She had no actual knowledge of appellant's resources and obligations and had no actual knowledge of where he lived or his work history. The trial court did not abuse its discretion in making its findings and conclusions. Moreover, the trial court did not abuse its discretion in denying appellant's motion for a free record. The issue on appeal is overruled.

*Holding*

The order of the trial court is affirmed.

TERRY McCALL
JUSTICE

April 30, 2009

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

5