**Melanie Denise McFATRIDGE, Appellant**

v.

**The STATE of Texas, Appellee.**

**No. 10–08–00049–CR.**

Court of Appeals of Texas, Waco.

July 7, 2010.

Melanie Denise McFatridge, Blooming Grove, pro se.

R. Lowell Thompson, Navarro County Crim. Dist. Atty., Corsicana, for Appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## ABATEMENT ORDER

PER CURIAM.

Although this appeal has been pending since 2008 and Appellant Melanie Denise McFatridge was originally determined to not be indigent, McFatridge recently filed a subsequent motion for a free reporter's record with the trial court. The court initially set the matter for hearing but later advised McFatridge that it would not hear the motion unless ordered to do so by this Court because it did not have jurisdiction due to the pendency of her appeal. We will abate the appeal for a hearing on McFatridge's subsequent motion for a free reporter's record.

In 2008, this Court affirmed the trial court's ruling that McFatridge was not indigent for purposes of this appeal, and the Court of Criminal Appeals later affirmed our decision. *See McFatridge v. State,* 262 S.W.3d 907 (Tex.App.-Waco 2008), *affirmed,* 309 S.W.3d 1 (Tex.Crim. App.2010). After the record and mandate were received from the Court of Criminal Appeals, the case was reinstated on this Court's docket. The Clerk notified the parties that the appellate record was due within 30 days and that, within that time period, McFatridge must pay the clerk's and reporter's fees for preparation of these records or make payment arrangements. McFatridge responded by filing her subsequent motion for a free reporter's record in the trial court.

An initial question may be raised as to the propriety of a subsequent indigence hearing in view of the trial court's prior indigence decision which was affirmed by this Court and the Court of Criminal Appeals. However, in the opposite situation where a defendant was initially found indigent, the Court of Criminal Appeals observed, "There is always the possibility that appellant's financial situation has changed and he is no longer indigent." *Snoke v. State,* 780 S.W.2d 210, 214 (Tex. Crim.App.1989); *accord Castillo v. State,* 595 S.W.2d 552, 554 (Tex.Crim.App. [Panel Op.] 1980) ("a year has passed since the hearing was held on appellant's motion for a free record and there is always the possibility that his employment situation and financial condition have improved"). The

same reasoning applies to an appellant like McFatridge who is initially found to not be indigent.

McFatridge alleges in her subsequent motion for a free reporter's record, "My current financial status has changed. I am almost destitute. My income now is much less that it was at the indigence hearing and my expenses are much greater." She is entitled to a hearing to determine whether she is currently indigent. *See Castillo*, 595 S.W.2d at 554 ("If the trial court is placed on notice that there may have been such a change that would alter his indigent status, the trial court may hold a hearing to take such circumstances into consideration.").

Therefore, we abate this cause to the trial court for a hearing on McFatridge's subsequent motion for a free reporter's record. If the court determines that McFatridge is indigent and entitled to the filing of the reporter's record without prepayment or with only partial payment, then the court is also authorized to consider whether McFatridge is entitled to appointed counsel. *See McFatridge*, 309 S.W.3d at 5-6 ("Determining indigency for purposes of appointing counsel and indigency for purposes of obtaining a free record are discrete inquiries, but the factors to be considered are the same. A defendant can be found indigent for one purpose without being found indigent for the other.").

The trial court shall: (1) conduct the hearing within twenty-one (21) days after the date of this Order; (2) prepare any necessary findings of fact and conclusions of law; and (3) sign a written order or orders consistent with the requirements of this Order.

The district clerk shall file a supplemental clerk's record containing a copy of (1) the trial court's findings of fact and conclusions of law and (2) the trial court's order(s) with the Clerk of this Court within thirty-five (35) days after the date of this Order.

The court reporter shall file a supplemental reporter's record of the indigence hearing within thirty-five (35) days after the date of this Order.

Regardless of how the trial court resolves McFatridge's indigence claim and unless there is a second indigence appeal, the clerk's and reporter's records from the trial on the merits are due within 30 days after the trial court signs the order granting or denying McFatridge's subsequent motion for a free reporter's record.

Chief Justice GRAY does not join this order.