IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00049-CR

 

Melanie Denise McFatridge,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the County Court

Navarro County, Texas

Trial Court No. 58988

 



ABATEMENT ORDER



 








            Although this appeal has
been pending since 2008 and Appellant Melanie Denise McFatridge was originally
determined to not be indigent, McFatridge recently filed a subsequent motion for
a free reporter’s record with the trial court.  The court initially set the
matter for hearing but later advised McFatridge that it would not hear the
motion unless ordered to do so by this Court because it did not have
jurisdiction due to the pendency of her appeal.  We will abate the appeal for a
hearing on McFatridge’s subsequent motion for a free reporter’s record.

            In 2008, this Court affirmed
the trial court’s ruling that McFatridge was not indigent for purposes of this
appeal, and the Court of Criminal Appeals later affirmed our decision.  See
McFatridge v. State, 262 S.W.3d 907 (Tex. App.—Waco 2008), affirmed,
309 S.W.3d 1 (Tex. Crim. App. 2010).  After the record and mandate
were received from the Court of Criminal Appeals, the case was reinstated on
this Court’s docket.  The Clerk notified the parties that the appellate record
was due within 30 days and that, within that time period, McFatridge must pay
the clerk’s and reporter’s fees for preparation of these records or make
payment arrangements.  McFatridge responded by filing her subsequent motion for
a free reporter’s record in the trial court.

            An initial question may be
raised as to the propriety of a subsequent indigence hearing in view of the
trial court’s prior indigence decision which was affirmed by this Court and the
Court of Criminal Appeals.  However, in the opposite situation where a defendant
was initially found indigent, the Court of Criminal Appeals observed, “There is
always the possibility that appellant’s financial situation has changed and he
is no longer indigent.”  Snoke v. State, 780 S.W.2d 210, 214 (Tex. Crim.
App. 1989); accord Castillo v. State, 595 S.W.2d 552, 554 (Tex. Crim.
App. [Panel Op.] 1980) (“a year has passed since the hearing was held on
appellant’s motion for a free record and there is always the possibility that
his employment situation and financial condition have improved”).  The same
reasoning applies to an appellant like McFatridge who is initially found to not
be indigent.

            McFatridge alleges in her
subsequent motion for a free reporter’s record, “My current financial status
has changed.  I am almost destitute.  My income now is much less that it was at
the indigence hearing and my expenses are much greater.”  She is entitled to a
hearing to determine whether she is currently indigent.  See Castillo,
595 S.W.2d at 554 (“If the trial court is placed on notice that there may have
been such a change that would alter his indigent status, the trial court may
hold a hearing to take such circumstances into consideration.”).

            Therefore, we abate this
cause to the trial court for a hearing on McFatridge’s subsequent motion for a
free reporter’s record.  If the court determines that McFatridge is indigent
and entitled to the filing of the reporter’s record without prepayment or with
only partial payment, then the court is also authorized to consider whether
McFatridge is entitled to appointed counsel.  See McFatridge, 309
S.W.3d at 5-6 (“Determining indigency for purposes of appointing counsel and
indigency for purposes of obtaining a free record are discrete inquiries, but
the factors to be considered are the same.  A defendant can be found indigent
for one purpose without being found indigent for the other.”).

            The trial court shall: (1)
conduct the hearing within twenty-one (21) days after the date of this Order;
(2) prepare any necessary findings of fact and conclusions of law; and (3) sign
a written order or orders consistent with the requirements of this Order.

            The district clerk shall
file a supplemental clerk’s record containing a copy of (1) the trial court’s
findings of fact and conclusions of law and (2) the trial court’s order(s) with
the Clerk of this Court within thirty-five (35) days after the date of this
Order.

            The court reporter shall
file a supplemental reporter’s record of the indigence hearing within
thirty-five (35) days after the date of this Order.

Regardless of how the trial court
resolves McFatridge’s indigence claim and unless there is a second indigence
appeal, the clerk’s and reporter’s records from the trial on the merits are due
within 30 days after the trial court signs the order granting or denying
McFatridge’s subsequent motion for a free reporter’s record.

PER CURIAM

Before Chief
Justice Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray does not join this order)

Order issued
and filed July 7, 2010

Publish

[CR25]