

## COURT OF APPEALS
## EIGHTH DISTRICT OF TEXAS
## EL PASO, TEXAS

| | | |
|---|---|---|
| ALBERT RAMIREZ, | § | No. 08-12-00010-CR |
| Appellant, | § | Appeal from the |
| v. | § | 171st District Court |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 20090D03210) |

## **O P I N I O N**

Albert Ramirez ("Ramirez" or "Appellant") appeals a ruling of the trial court that Ramirez was not indigent for the purposes of court-appointed counsel to represent him on appeal, Case No. 08-11-00298-CR, and a trial transcript at county expense. Ramirez brings two issues: (1) error by the trial court in determining Ramirez was not indigent in spite of evidence to the contrary and in violation of Article 26.04(p) of the Texas Code of Criminal Procedure; and (2) denying Ramirez the right to court-appointed counsel to handle his appeal prejudices his rights under the 6th and 14th Amendments of the United States Constitution and Article I, Section 10 of the Texas Constitution. For the reasons set out below, we reverse and render.

## BACKGROUND

Ramirez was indicted by the El Paso County Grand Jury on July 14, 2009. Subsequently,

he applied for a court-appointed attorney on two separate occasions and it was determined he qualified based on his financial condition. The El Paso County Public Defender's Office ("PDO") was appointed to represent Ramirez on January 13, 2011. Ramirez was convicted by a jury of three counts of Aggravated Sexual Assault of a Child. Ramirez was sentenced to ninety-nine years' incarceration in the Texas Department of Criminal Justice on October 5, 2011. At that time, he was credited with 321 days in jail. Ramirez filed a notice of appeal on October 11, 2011. The same day, Ramirez also filed a motion for a reporter's record at county expense in which he alleged he was indigent.

On November 7, 2011, the trial court held an indigence hearing. Ramirez was the sole witness. He testified he had not been working since he was in jail and had no job. Ramirez referred to his girlfriend as his fiancée and common-law wife during the hearing, and testified she was not working as she was attending community college. When asked if he had any financial resources that would enable him to pay for an attorney and also pay for the record, he replied "No, ma'am."

The State had no questions for Ramirez. The trial court then began questioning Ramirez. Ramirez testified during the three months he was not in custody, he had not been working. When the trial court asked where he and his wife lived, Ramirez answered they were living in a motel and her parents were helping to pay for those accommodations. Ramirez admitted he has had occasional odd-jobs and mechanic work he performed which paid $60 to $80 per job. As a result, he testified, he had been unable to save any money and had no savings account. The trial court inquired about a car owned by Ramirez: "You had a beautiful car that you were going to sell that

you could sell for 6,000, for 7,000, for $8,000, a hot rod show model. What happened to that?"[1]

When Ramirez answered that he still had the car, the court stated "[w]ell, then he can sell that."

The court asked if the car was still worth around $6,000 and Ramirez answered "yes." Ramirez

stated his wife could not sell the car because she did not know anything about it. The trial court

questioned Ramirez's credibility and veracity during his testimony. No exhibits were introduced

at the hearing either by Ramirez or the State.

The trial court determined Ramirez was not indigent and therefore, not entitled to either

court-appointed counsel or a reporter's record at county expense. Ramirez's trial counsel, the

PDO filed a motion to reconsider and a motion for written order clarifying the court's ruling. On

December 21, 2011, this Court abated the original appeal and ordered the trial court to enter an

order regarding Ramirez's indigence status so that he could appeal the indigence ruling. The trial

court rendered an order finding Ramirez not indigent and an order denying the motion to

reconsider. Ramirez appealed the indigence ruling.

## DISCUSSION

Ramirez brings two issues: (1) error by the trial court in determining Ramirez was not

indigent in spite of evidence to the contrary and in violation of TEX.CODE CRIM.PROC.ANN. art.

26.04(p); and (2) denying Ramirez the right to court-appointed counsel to handle his appeal

prejudices his rights under the 6th and 14th Amendments of the United States Constitution and

Article I, sec. 10 of the Texas Constitution.[2]

The State alleges that because Ramirez failed to attach the required affidavit with his

---

[1] Apparently, the car had been mentioned in a prior hearing.

[2] In his brief, Ramirez advises that because these issues are related, they are argued as a single issue. Further, Appellant failed to brief the second issue as to the Texas Constitution separately, therefore, it is waived. *See Heitman v. State*, 815 S.W.2d 681, 690 n.23 (Tex.Crim.App. 1991) and subsequent authority including from this Court.

motion for the transcript, that he has waived this issue.   *See* TEX.R.APP.P. 20.2.   However, in the interest of justice, and because there was no objection on this basis raised at the trial court, we will consider Ramirez's arguments.

## STANDARD OF REVIEW AND APPLICABLE LAW

A defendant may be indigent if the defendant is "not financially able to employ counsel" or is unable to "pay or give security for the appellate record."   *See* TEX.CODE CRIM.PROC.ANN. art. 1.051(b)(West Supp.2012); TEX.R.APP.P. 20.2; *McFatridge v. State*, 309 S.W.3d 1, 5 (Tex.Crim.App. 2010).   Whether a defendant is indigent for appointment of counsel and obtaining a free record are separate issues and may be resolved differently but involve consideration of the same factors.   *See McFatridge*, 309 S.W.3d at 5-6.   It is possible for a defendant to be indigent in one context but not the other.   *Whitehead v. State*, 130 S.W.3d 866, 878 (Tex.Crim.App. 2004), *citing Castillo v. State*, 595 S.W.2d 552, 554 (Tex.Crim.App. 1980)(noting that the defendant had managed to retain counsel but determining that defendant could not pay for a transcription of the court reporter's notes).

Indigence determinations are made at the time the issue arises and on a case-by-case basis. *McFatridge*, 309 S.W.3d at 5.   Factors relevant to consider are the defendant's income, sources of income, assets, property, outstanding obligations, necessary expenses, number and age of dependents, and spousal income available to the defendant.[3]   *See* TEX.CODE CRIM.PROC.ANN. art. 26.04(m)(West Supp.2012); *McFatridge*, 309 S.W.3d at 6.

In making its indigence determination, the trial court should employ a two-step process. First, the defendant must make a *prima facie* showing of indigence.   *McFatridge*, 309 S.W.3d at

---

[3] Whether a defendant has posted or is capable of posting bail is not a consideration except to the extent it reflects the defendant's financial circumstances as measured by the other factors.   *See* TEX.CODE CRIM.PROC.ANN. art. 26.04(m); *Whitehead*, 130 S.W.3d at 875.

6. If the defendant makes a *prima facie* showing of indigence, the burden then shifts to the State to show the defendant is not indigent. *McFatridge*, 309 S.W.3d at 6. Unless there is some basis in the record to find the defendant's *prima facie* showing of indigence is inaccurate or untrue, the trial court should accept it as sufficient and find the defendant indigent. *Id*. Once the defendant has been determined indigent for the purposes of court appointed counsel, he is presumed to remain indigent for the duration of the case unless there is a material change in his financial circumstances. *See* TEX.CODE CRIM.PROC.ANN. art. 26.04(p).

The trial court's indigence determinations are reviewed on appeal for an abuse of discretion. *See Newman v. State*, 937 S.W.2d 1, 3 (Tex.Crim.App. 1996). A trial court abuses its discretion if it acts without reference to any rules or guiding principles, *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex.Crim.App. 1990), or if its ruling goes beyond the zone of reasonable disagreement. *Walker v. State*, 300 S.W.3d 836, 844 (Tex.App.--Fort Worth 2009, pet. ref'd).

If a defendant establishes a *prima facie* showing of indigence, an appellate court will uphold a determination that the defendant is not indigent only if the record contains evidence supporting that determination. *McFatridge*, 309 S.W.3d at 6. The trial court is not completely free to disbelieve the defendant's assertions concerning his financial status, but it may disbelieve the defendant's assertions "if there is a reasonable, articulable basis for doing so, either because there is conflicting evidence or because the evidence submitted is in some manner suspect or determined by the court to be inadequate." *Whitehead*, 130 S.W.3d at 876.

As the reviewing appellate court, it is not our role to determine whether the appellant is indigent for purposes of appeal. *See McFatridge*, 309 S.W.3d at 9. Rather, our role is to determine if the evidence produced at the indigence hearing supports the trial judge's

5

non-indigence determination. *See McFatridge*, 309 S.W.3d at 9. Moreover, as the reviewing appellate court, we may not consider facts that were not developed in the record. *Id*. at 6.

For purposes of a free record, an appellate court will uphold a trial court's finding of non-indigence if there is credible evidence in the record supporting such a finding. *Id*. at 6. For the purpose of determining entitlement to a free record, a defendant is considered indigent if he "cannot pay or give security" for the appellate record. TEX.R.APP.P. 20.2. For purposes of appointed appellate counsel, an appellate court will uphold the determination of non-indigence if the trial court reasonably believed, based on the record evidence, the defendant was not indigent. *See McFatridge*, 309 S.W.3d at 6. In the appointment of counsel context, a defendant is indigent if he is financially "without means to employ counsel" of his own choosing. TEX.CODE CRIM.PROC.ANN. art. 26.04(o).

We are faced with two distinct considerations: (1) whether Ramirez is entitled to an attorney on appeal because he is indigent; and (2) whether Ramirez is entitled to a free record at county expense: The Court of Criminal Appeals notes this in *Whitehead*:

> It is important to recognize that the trial court's duty diverges for the two indigence questions, i.e. indigence for the purpose of a free record and indigence for the purpose of free counsel. To obtain a free record, the defendant must exercise due diligence in asserting his indigence and must sustain his allegations at the hearing. By contrast, the right to an attorney is a 'waivable-only' right, and absent a waiver, the courts have an affirmative obligation to ensure that an indigent appellant has counsel.

*Whitehead*, 130 S.W.3d at 876-77.

## INDIGENCE

According to Ramirez's sworn testimony, he has no job and no financial resources that would enable him to hire an attorney or obtain a record. Ramirez did admit he had occasional

6

work as a mechanic during the three months he was released on bond, but that the pay for such work was minimal. Ramirez borrowed money from his "wife's" parents to pay for the motel he resides in, and his "wife" is not employed.[4] Ramirez, as of October 2011, had spent a total of 321 days in jail, and the evidence regarding his income referenced a three month period when he was out on bond. The trial court raised the issue of the vehicle owned by Ramirez, however the scant record affirmatively indicates the trial court was aware of this vehicle from prior testimony. So we cannot presume this is a "surprise" asset, even though the vehicle does not appear on either of the motions seeking appointed counsel. Ramirez describes this as a "show car" with a value of $6,000. The State had full opportunity to present evidence in this matter but did not.

## COURT APPOINTED COUNSEL

In *McFatridge*, the Court of Criminal Appeals held the trial court did not abuse its discretion by determining McFatridge was not indigent. *See McFatridge*, 309 S.W.3d at 8-9. There, McFatridge's monthly income was $550, and her monthly expenses totaled $484. *Id*. at 3. However, she owned $3,000 worth of antiques and nonexempt real property valued at $6,670. *Id*. at 7-8. The court first deducted the $3,000 estimated cost of the reporter's record and noted that McFatridge "would have at least $6,670 worth of assets left over to devote to the cost of an appellate attorney." *Id*. at 9. The court of appeals affirmed the trial court's determinations that McFatridge was not indigent for purposes of obtaining a free record or for the appointment of appellate counsel. *McFatridge*, 309 S.W.3d at 9.

---

[4] The testimony regarding Ramirez's girlfriend and the fact her parents' are paying for the hotel help paint the picture of Ramirez's current situation, however the trial court "must consider only the defendant's personal financial conditions, not those of his parents, other relatives, friends or employers." *Snoke v. State*, 780 S.W.2d 210, 213 (Tex.Crim.App. 1989), *citing Rosales v. State*, 748 S.W.2d 451, 455 (Tex.Crim.App. 1987). "The ability of the defendant to borrow funds is something that may be taken into account in considering how the defendant's assets and property relate to the ability to pay." *Whitehead,* 130 S.W.3d at 878, *citing Goffney v. Lowry*, 554 S.W.2d 157, 159 (Tex. 1977). However, "a defendant should not be required to borrow money that can never be repaid except by depriving the defendant of the necessities of life." *Id*.

At trial, the trial court found Ramirez to be indigent and appointed the public defender to represent him. Thus, the record reflects the trial court determined Ramirez to be indigent and he is presumed to remain indigent for the remainder of the proceedings unless a material change in his financial circumstances occurs. *See* TEX.CODE CRIM.PROC.ANN. art. 26.04(p). Ramirez testified that he was unemployed with the exception of occasional odd jobs which paid $60 to $80. Based on the previous presumption and sworn testimony at the indigence hearing, Ramirez made a *prima facie* showing that he was indigent. *McFatridge*, 309 S.W.3d at 6. The burden then shifted to the State to show that Ramirez was in fact, not indigent. The State presented no evidence and asked no questions. We find the State did not meet its burden.

Here, the trial court made its determination without reference to the "guiding principles" set out for indigence determinations in El Paso County. In El Paso County, all indigence determinations are based on a formula set out in the "El Paso Plan."[5] Under the "El Paso Plan," a person is deemed indigent so long as the individual does not possess "net liquid assets worth over $2,500, excluding the value of one vehicle . . . ." Therefore, in El Paso County, a defendant is deemed to be indigent in spite of the ownership of a vehicle. There is no indication in the record these guidelines were applied by the trial court in making its determination. Furthermore, the trial court was not completely free to disregard Ramirez's testimony about his financial status, particularly in light of the previous indigence determinations made by the court, which gave rise to

---

[5] *See* http://www.epcounty.com/councilofjudges/Documents/ElPasoPlan.pdf :

> A person is 'indigent' and thus qualifies for appointed counsel in this county if the income of the person and the person's spouse totals less than 150% of the federal poverty level for the family, or the person's dependents currently receive food stamps, public housing, Temporary Assistance for Needy Families (TANF), or Medicaid, unless the person has net liquid assets worth over $2,500, excluding the value of one vehicle, pursuant to current Texas TANF guidelines.

Rule 5.01, Local Rules of Amdination for the Courts of El Paso county, Texas - The Standards and Procedures for Appointment of Council for Indigent Defendants, El Paso District and County Courts Plan, adopted 12/22/2009.

a continuing presumption of indigence. Based on the record and the application of the "El Paso Plan," Ramirez is indigent for the purposes of appointed counsel.

Therefore, we must conclude that the trial court abused its discretion in determining that Ramirez was not entitled to counsel on appeal. Further, the court's determination goes against the general principle behind the burden-shifting analysis noted above; "to protect the truly indigent defendant's right to effective assistance of counsel." *Whitehead*, 130 S.W.3d at 874, *citing Snoke*, 780 S.W.2d at 213. Absent a reasonable, articulable basis for doing so, the trial court is not completely free to disbelieve the defendant's allegations concerning his own financial status. *Id.* at 876.

## TRIAL TRANSCRIPT AT COUNTY EXPENSE

Ramirez's post-trial motion for a reporter's record at county expense is unsworn and unaccompanied by an affidavit.[6] As noted previously, during the hearing, the State failed to object to the unsworn motion and the lack of an affidavit. However, Ramirez presented sworn testimony at the hearing, which was considered and forms the basis of the trial court's finding of non-indigence.

In contrast to *McFatridge*, the Court of Criminal Appeals in *Whitehead* found the defendant was not indigent for purposes of appointment of counsel, but the estimated cost of the trial record raised a "serious question" about whether the defendant was capable of paying for the record. *Whitehead*, 130 S.W.3d at 878-79. The court reporter estimated the record would cost $65,000. *Id.* at 870. But as the defendant only produced an unsworn motion and affidavits which were not before the trial court at the time it made its indigence determination, the Court of

---

[6] In concluding whether a defendant is entitled to a free record, only sworn allegations are to be considered. *See Whitehead*, 130 S.W.3d at 873-74.

Criminal Appeals was unable to conclude the trial court abused its discretion in denying the request for a free record. *Whitehead*, 130 S.W.3d at 879.

In the instant case, the trial court focused on Ramirez's sole asset, a vehicle. At the time of the hearing, Ramirez had been incarcerated for nearly a year, unemployed, no income or savings, and no other identifiable assets. The trial court had found Ramirez indigent at least two times previously, even after consideration and knowledge of the vehicle. Other than that solitary asset, there are no other resources from which Ramirez could pay or give security for the trial record. Unlike *Whitehead*, in which the trial record was estimated to be $65,000, here the record is silent as to the potential cost of the trial record. In addition, there is no evidence to indicate whether the vehicle was encumbered or even if, indeed, Ramirez had the right to sell the vehicle. Further, in indigence determinations, one vehicle is allowed under the "El Paso Plan."

Based on the record before us, Ramirez's first issue is sustained.[7]

## CONCLUSION

Having sustained Ramirez's first issue, we reverse the trial court's order and render an order finding Ramirez indigent, for the purposes of a trial transcript at county expense and appointed counsel to represent him on appeal.

May 31, 2013

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)

---

[7] Having sustained Ramirez's first issue, we need not address his constitutional arguments. *See* TEX.R.APP. P. 47.1

10