# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00236-CR

**Jonathon M. Price, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 1 OF WILLIAMSON COUNTY
### NO. 12-06087-1, THE HONORABLE MICKEY RAY PENNINGTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

**PER CURIUM**

A jury convicted Jonathon M. Price of the offense of riding in a passenger vehicle while not secured by a safety belt, a class C misdemeanor. *See* Tex. Transp. Code § 545.413(a)(1). After filing his notice of appeal, Price requested a free record for appeal. The trial court denied the request after conducting a hearing on indigency. Price subsequently filed a motion with the trial court requesting a rehearing on the matter of his indigence. Documents in the record reflect that the trial court declined to conduct a rehearing or rule on his subsequent request for a free record because it lacked the jurisdiction to do so. Price has now filed a motion in this Court asking us to direct the trial court to conduct a hearing on his subsequent motion requesting a free record. Price asserts that his financial circumstances have changed since the trial court's original determination that he was not indigent, including the fact that he is no longer employed.

The question of indigence is subject to reconsideration if the defendant's financial status changes. *See Whitehead v. State*, 130 S.W.3d 866, 876 (Tex. Crim. App. 2004); *McFatridge v. State*, 317 S.W.3d 514, 515-16 (Tex. App.—Waco 2010, order) (per curium), *aff'd on merits*, No. 10-08-00049-CR, 2011 WL 1334400, at *5 (Tex. App.—Waco Apr. 6, 2011, pet. ref'd) (mem. op., not designated for publication); *see also* Tex. Code Crim. Proc. art. 26.04(p) ("If there is a material change in financial circumstances after a determination of indigency or nonindigency is made, the defendant . . . may move for reconsideration of the determination."); *Snoke v. State*, 780 S.W.2d 210, 214 (Tex. Crim. App. 1989) (recognizing possibility that appellant's financial situation may change due to passage of time). Thus, Price is entitled to a hearing to determine whether he is currently indigent and entitled to a free record for appeal.[1]

Therefore, we abate the appeal and remand this cause to the trial court to determine whether or not Price is entitled to a free record based on his change in financial circumstances. The trial court shall (1) conduct the hearing within 30 days after the date of this opinion; (2) prepare any necessary findings of fact and conclusions of law; and (3) sign a written order consistent with the requirements of this opinion. The county clerk shall file a supplemental clerk's record containing a copy of (1) the trial court's findings of fact and conclusions of law, if any, and (2) the trial court's order with the Clerk of this Court within 45 days after the date of this opinion. The court reporter

---

[1] Price also requests that the trial court determine whether he is eligible for appointed counsel for the appeal. However, we note that Price is not entitled to appointed counsel since he was not charged with a misdemeanor punishable by confinement. *See* Tex. Crim. Proc. Code art. 26.04(b)(3).

2

shall file a supplemental reporter's record of the indigence hearing within 45 days after the date of this opinion.

Regardless of how the trial court resolves Price's indigence claim and unless there is an appeal on the indigence determination, the reporter's record from the trial on the merits is due within 30 days after the trial court signs the order granting or denying Price's subsequent motion for a free reporter's record.

Before Justices Puryear, Rose and Goodwin

Abated

Filed: August 15, 2013

Do Not Publish