**Motion granted and Abatement Order filed August 4, 2022.**



In The

# Fourteenth Court of Appeals

———————

## NO. 14-22-00383-CR

———————

**PATRICIA LYNN SWARTZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 405th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 20-CR-2075**

## ABATEMENT ORDER

Appellant appeals her conviction for possession of a controlled substance. Appellant is represented by retained counsel on appeal and has filed a motion to abate the appeal and remand for a determination of indigency. According to the motion, on May 9, 2022, appellant filed an application requesting that the appellate record be furnished at state expense. The trial court denied appellant's application

in a May 11, 2022 order.[1]  There is no indication in the record before this court that the trial court held a hearing on appellant's application. We issue the following order:

It is possible for a defendant to be indigent in the context of the record, but not for appointment of counsel. *See, e.g.*, *Castillo v. State*, 595 S.W.2d 552, 554 (Tex. Crim. App. 1980) (discussing entitlement to an appellate record for defendants indigent at the time of appeal); Tex. Code Crim. Proc. Ann. art. 26.04(a) (discussing entitlement to counsel for indigent defendants) . Texas Rule of Appellate Procedure 20.2 provides that a defendant, within the time for perfecting an appeal, may request a free record by "motion and affidavit." Tex. R. App. P. 20.2. For purposes of determining entitlement to a free record, a defendant is considered indigent if they "cannot pay or give security" for the appellate record. *Id.* Only sworn allegations are to be considered in determining whether a defendant is entitled to a free record. *Whitehead v. State*, 130 S.W.3d 866, 874 (Tex. Crim. App. 2004). Rule 20.2 requires the court to conduct a hearing on the motion. Tex. R. App. P. 20.2.

There is a two-step process for determining whether a defendant is indigent for the purpose of obtaining a free record on appeal:  (1) the defendant must make a prima facie showing of indigence, and (2) when the prima facie showing is made, the burden shifts to the State to show that the defendant is not in fact indigent. *Whitehead*, 130 S.W.3d at 874. Once the defendant has made a prima facie showing, we can uphold a trial court's determination of non-indigence only if the record contains evidence supporting such a determination. *Id.*

---

[1] The record before this court has not yet been supplemented with a copy of appellant's application or the trial court's order denying the application.

The legislature has specified the following list of factors for courts to consider in determining whether a defendant is indigent: the defendant's income, source of income, assets, property owned, outstanding obligations, necessary expenses, the number and ages of dependents, and spousal income, that is available to the defendant. Tex. Code Crim. Proc. Ann. art. 26.04(m). The court may not consider whether the defendant has posted or is capable of posting bail, except to the extent that it reflects the defendant's financial circumstances relative to these factors. *Id.* These factors are relevant to the determination of indigence for both appointment of counsel and for a free record. *Whitehead*, 130 S.W.3d at 878. The legislature requires a defendant to fill out a questionnaire or answer questions under oath, and leaves to the trial court the discretion to request supporting documentation. *Id.* at 876 (providing such information to obtain the appellate record); *see also* Tex. Code Crim. Proc. Ann. art. 26.04(n) (providing such information for obtaining appointed counsel).

There is a less deferential standard of review in indigence determinations than in other contexts where a defendant's evidence may be disbelieved. *Id.* "The trial court is not completely free to disbelieve the defendant's allegations concerning his own financial status, but the trial court may disbelieve an allegation if there is a reasonable, articulable basis for doing so, either because there is conflicting evidence or because the evidence submitted is in some manner suspect or determined by the court to be inadequate." *Id.*

Accordingly, we ORDER the trial court to hold a hearing on appellant's request for determination of indigency within 30 days of the date of this order. The trial court shall see that a record of the hearing is made and shall order both the trial court clerk and court reporter to prepare, certify, and file with the clerk of

this court a clerk's record and a reporter's record of all relevant filings and orders of the trial court, the testimony from the hearing, and any exhibits admitted at the hearing. The records must be provided without charge to the appellant and filed with this court within 45 days of the date of this order. Texas Rule of Appellate Procedure 20.2 applies to this hearing.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the records on appellant's claim of indigency and the hearing ordered to be conducted by the trial court are filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by any party.

PER CURIAM

Panel Consists of Justices Zimmerer, Spain, and Poissant.