**Affirmed and Memorandum Opinion filed November 21, 2019.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-18-00744-CV

---

## JOANNA LAUFER, Appellant

### V.

## JUSTIN GORDON, Appellee

---

**On Appeal from the 280th District Court
Harris County, Texas
Trial Court Cause No. 2017-67140**

---

## M E M O R A N D U M   O P I N I O N

Appellant Joanna Laufer appeals the trial court's order assessing attorney's fees and costs against her in connection with appellee's application for a protective order. The trial court denied Justin Gordon's application for a protective order but found nonetheless that Joanna committed family violence against Justin. The court ordered Joanna to pay $10,131 in fees and costs, plus interest, to Justin's attorneys.

Joanna asserts on appeal that the trial court erred in awarding attorney's fees against her under Texas Family Code section 81.005 because the court did not

consider, as this section requires, whether she has the income or ability to pay the award, and the court did not find that she is so able. We conclude that Joanna has not shown that the trial court acted outside its discretion, and we affirm the trial court's order.

## Background

Justin filed an application for a protective order against Joanna. The trial court found that Joanna committed family violence against Justin, but that she was unlikely to engage in family violence in the future. Thus, the court denied Justin's protective-order application. *See* Tex. Fam. Code §§ 81.001, 85.001; *Ford v. Harbour*, No. 14-07-00832-CV, 2009 WL 679672, at *3 (Tex. App.—Houston [14th Dist.] Mar. 17, 2009, no pet.) (mem. op.) ("A trial court shall render a protective order if, after a hearing, it finds that family violence has occurred and is likely to occur in the future."). Justin has not appealed and does not challenge the court's ruling denying the protective order.

As part of the application for a protective order, Justin sought his attorney's fees and costs under the Family Code. *See* Tex. Fam. Code § 81.005(a). Section 81.005(a) provides that the court "may assess reasonable attorney's fees against the party found to have committed family violence . . . as compensation for the services of a private or prosecuting attorney or an attorney employed by the Department of Family and Protective Services." *Id.* During the protective-order hearing, Justin's attorneys presented evidence supporting his request for $10,131 in attorney's fees and costs. Joanna did not dispute that Justin's requested fees and costs were "reasonable and customary."

Joanna claimed, however, that she was unable to pay the amount requested. Joanna testified that she works as a contractor in the field of construction permits. Although her testimony was not entirely clear, the record shows that she was

receiving as after-tax income in 2018 at least $3,000 and potentially as much as $3,500 per month, which includes $500 in monthly child support for her young daughter, who lives with her.[1]  Joanna stated that she receives no other income. Joanna recalled that her 2017 income was "maybe" $38,000, though she had not filed her 2017 tax return because her "CPA is doing that right now."  As to current assets, Joanna testified that she has approximately $1,500 to $2,000 in savings as "emergency money."  She did not state, and was not asked, whether she has any other assets.

According to Joanna, her monthly expenses as of June 2018 include: (1) $1,250 for rent; (2) $165 for utilities; (3) $55 for cell phone service; (4) $400 for childcare; (5) $700 for food, clothing, and medications; (6) $100 for gas; (7) $250 for her car payment; (8) $125 for automobile insurance; and (8) $100 for health insurance.

Joanna is represented by counsel, but she has not paid any legal fees.  She did not state whether she owed any legal fees to her attorneys, whether someone else paid legal fees on her behalf, or if her attorneys were representing her pro bono.  She is currently in a dating relationship with one of her attorneys.

After hearing the evidence, the trial court awarded $10,131 in attorney's fees and costs to Justin's attorneys.  The trial court stated on the record that the award takes into consideration Joanna's ability to pay.  In a signed order, the trial court: (1) found that Joanna committed family violence against Justin; (2) found that Joanna is not likely to engage in family violence in the future; (3) denied Justin's application for protective order; and (4) memorialized the court's award of attorney's fees and costs in Justin's favor for $10,131.

---

[1] These income figures are based on Joanna's testimony at the protective-order hearing, which occurred in June 2018.

Joanna timely requested findings of fact and conclusions of law. Additionally, Joanna filed a motion for new trial on attorney's fees, challenging the sufficiency of the evidence to support the trial court's fee award and emphasizing that the trial court must consider Joanna's income and ability to pay before assessing fees. The trial court signed findings and conclusions on July 9, finding that Justin "has incurred reasonable and necessary legal fees of $8,531.00 and costs of $1,600.00. . . ." However, the court included no findings concerning Joanna's ability to pay, and Joanna did not request additional findings.[2] The trial court denied Joanna's motion for new trial by written order.

This appeal timely followed.[3]

## Analysis

Joanna contends that the trial court abused its discretion because the attorney's fee award is not supported by legally or factually sufficient evidence of her ability to pay. According to Joanna, the only evidence in the record conclusively establishes her inability to pay fees of $10,131. Joanna requests rendition of judgment in her favor.

---

[2] In a reply in support of her motion for new trial, Joanna objected to the trial court's findings regarding attorney's fees because they were "silent on the subject of [Joanna]'s income or ability to pay. . . ." Joanna filed her reply, however, outside the time permitted for requesting additional findings and conclusions, and it did not contain a request for specified additional or amended findings or conclusions. *See* Tex. R. Civ. P. 298.

[3] Together with her notice of appeal, Joanna filed a statement of inability to afford payment of court costs or an appeal bond. *See* Tex. R. Civ. P. 145. The trial court sua sponte conducted a hearing on Joanna's request to proceed on appeal without payment of costs. *See* Tex. R. Civ. P. 145(f)(4), (5). The trial court denied Joanna's request, and Joanna moved this court to review the trial court's order sustaining the contest to her statement of inability to pay costs. We reversed the trial court's order because Joanna presented unrebutted evidence that she was currently unable to afford costs on appeal. We ordered that Joanna could proceed with this appeal without payment of costs.

## A.    Governing Law and Standards of Review

Under section 81.005, a trial court may assess reasonable attorney's fees against a party who, like Joanna, was found to have committed family violence. Tex. Fam. Code § 81.005(a).  Further, in setting the amount of a reasonable fee, "the court shall consider the income and ability to pay of the person against whom the fee is assessed."  *Id.* § 81.005(b); *Ford*, 2009 WL 679672, at *6.  Section 81.005(b) does not say that income and ability to pay are the *only* factors a court may consider in setting the amount of a reasonable attorney's fee, nor does it prohibit consideration of other factors.  It merely mandates consideration of one factor:  the respondent's income and ability to pay.  Tex. Fam. Code § 81.005(b).

When, as in this case, a statute states that a trial court "may" award attorney's fees, such an award is discretionary, and we review the trial court's choice to award fees under the abuse-of-discretion standard.  *Robinson v. Brannon*, 313 S.W.3d 860, 868 (Tex. App.—Houston [14th Dist.] 2010, no pet.); *Playoff Corp. v. Blackwell*, 300 S.W.3d 451, 458-59 (Tex. App.—Fort Worth 2009, pet. denied).  We then review whether sufficient evidence supports the amount of fees awarded.  *Goodson v. Castellanos*, 214 S.W.3d 741, 758-59 (Tex. App.—Austin 2007, pet. denied); *see Monroy v. Monroy*, No. 03-10-00275-CV, 2011 WL 3890401, at *7 (Tex. App.—Austin Aug. 31, 2011, pet. denied) (mem. op.); *see also Garcia v. Gomez*, 319 S.W.3d 638, 646 (Tex. 2010); *Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998).  A trial court abuses its discretion if it rules arbitrarily, unreasonably, without regard to legal principles, or without supporting evidence. *Bocquet*, 972 S.W.2d at 21.  Legal and factual sufficiency of the evidence are not independent grounds of error under the abuse-of-discretion standard, but are relevant factors in assessing whether the trial court abused its discretion. *Matter of Marriage of Harrison*, 557 S.W.3d 99, 112 (Tex. App.—Houston [14th Dist.]

5

2018, pet. denied); *see also Bocquet*, 972 S.W.2d at 21. A trial court does not abuse its discretion when some evidence reasonably supports its decision. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002); *Harrison*, 557 S.W.3d at 121.

In evaluating the legal sufficiency of the evidence, we consider whether the evidence adduced in the trial court would enable reasonable and fair-minded people to reach the decision under review. *See City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). We view the evidence in the light most favorable to the verdict or finding and indulge every reasonable inference to support it. *See id.*; *Ford*, 2009 WL 679672, at *2. We credit favorable evidence if a reasonable fact finder could and disregard contrary evidence unless a reasonable fact finder could not. *City of Keller*, 168 S.W.3d at 827; *Ford*, 2009 WL 679672, at *2.

When reviewing the factual sufficiency of the evidence, we examine the entire record, considering all the evidence both in favor of and contrary to the finding. *Vast Constr., LLC v. CTC Contractors, LLC*, 526 S.W.3d 709, 723 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (citing *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986) (per curiam)). When a party attacks the factual sufficiency of an adverse finding on an issue on which it had the burden of proof, the party must demonstrate on appeal that the adverse finding is against the great weight and preponderance of the evidence. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001) (per curiam). We consider all the evidence and will set aside the judgment only if it is so contrary to the overwhelming weight of the evidence that it is clearly wrong and unjust. *Cain*, 709 S.W.2d at 176.

We of course defer to the trier of fact as to witness credibility and the weight afforded their testimony. *See City of Keller*, 168 S.W.3d at 819; *Ford*, 2009 WL 679672, at *2. Thus, the trial court may accept or reject any or all of a witness's testimony, *Hailey v. Hailey*, 176 S.W.3d 374, 383 (Tex. App.—Houston [14th

6

Dist.] 2004, no pet.), and may resolve inconsistencies in a witness's testimony. *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 697 (Tex. 1986). We "must not merely substitute [our] judgment for that of the [fact finder]." *Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003). However, a fact finder "cannot ignore undisputed testimony that is clear, positive, direct, otherwise credible, free from contradictions and inconsistencies, and could have been readily controverted." *Keller*, 168 S.W.3d at 820.

## B. Joanna's Sufficiency Arguments

Joanna does not dispute that Justin presented some evidence that his attorneys necessarily incurred reasonable attorney's fees in pursuing a protective order. Joanna argues that she presented evidence of an inability to pay, and that Justin presented no rebutting evidence of Joanna's ability to pay the amount requested. Joanna contends further that the Family Code forbids an award beyond a party's present ability to pay.

In support of her argument, Joanna directs the court to *Halleman v. Halleman*, No. 02-11-00238-CV, 2011 WL 5247882, at *4 (Tex. App.—Fort Worth Nov. 3, 2011, orig. proceeding) (mem. op.); *In re Wymore*, No. 02-05-00056-CV, 2005 WL 737476, at *3 (Tex. App.—Fort Worth Mar. 31, 2005, orig. proceeding) (mem. op.); *Garza v. Garza*, 155 S.W.3d 471, 476 (Tex. App.—San Antonio 2004, no pet.); and *Herschberg v. Herschberg*, 994 S.W.2d 273, 279 (Tex. App.—Corpus Christi 1999, orig. proceeding). None of these cases involve the application of section 81.005. Further, Joanna's cases are distinguishable because they involve circumstances where the record reflected that the party being assessed fees or costs had monthly expenses clearly exceeding monthly income, or no evidence supported the appellant's ability to pay a substantial lump-sum amount. For example, in *Halleman*, the trial court abused its discretion by ordering the wife

7

to pre-pay $95,000 into the court registry for the husband's appellate attorney's fees because the only record evidence showed that the wife's monthly expenses exceeded her monthly net after-tax income. *Halleman*, 2011 WL 5247882, at *2, 4. In *Wymore*, the trial court abused its discretion by ordering the husband to pay the wife an amount equal to nearly 75% of his monthly income for attorney's fees and spousal support, "leaving him with a little more than 25% of his monthly income, an amount inadequate to cover his minimum monthly needs." *Wymore*, 2005 WL 737476, at *3. In *Garza*, the trial court abused its discretion in sustaining a contest to the wife's affidavit of inability to pay appellate costs because the uncontroverted evidence reflected that the wife's monthly living expenses far exceeded her income and she did not have the ability to borrow funds to pay for the appellate record. *Garza*, 155 S.W.3d at 475-76. Finally, in *Herschberg*, the trial court abused its discretion by ordering the husband to pay attorney's fees and spousal support of $420,000, yet the husband's annual salary was only $150,000. *Herschberg*, 994 S.W.2d at 279.

The circumstances in the present case are different. Joanna makes as much as $3,500 per month. She equivocated on the exact amount of her monthly income, but the trial judge alone makes credibility determinations[4] and reasonably could have resolved the inconsistency in her testimony against her and found that she receives $3,500 per month, after taxes. *See, e.g.*, *McGalliard*, 722 S.W.2d at 697. Her monthly expenses total $3,145, and the court could have found that Joanna was not burdened with the duty to pay legal fees to her attorneys for this case. Accordingly, a reasonable fact finder could have inferred that Joanna's total after-tax monthly income exceeds her monthly expenses by $355, and that Joanna

---

[4] *See City of Keller*, 168 S.W.3d at 819; *McGalliard*, 722 S.W.2d at 697.

has additional assets of up to $2,000 in cash savings.[5]  The trial judge also stated on the record that she considered Joanna's ability to pay.

Viewing the record in the light most favorable to the order, we cannot conclude that the trial court abused its discretion in assessing a $10,131 fee award against a person who committed family violence, is gainfully employed, and has up to $2,000 in cash savings.  To the extent Joanna currently lacks the ability to pay the amount in one lump-sum, the order does not require a lump-sum payment, it does not prohibit periodic payments, and it imposes no deadline for payment.[6] The trial judge contemplated that it may take longer than one year to satisfy the award because the order includes post-judgment interest at six percent compounded annually.  From the evidence, a fact finder reasonably could have concluded that Joanna has the ability to pay a $10,131 award in approximately two to three years, if she uses her savings and makes a good-faith effort to apply her monthly surplus.  *See In re S.M.C.*, No. 05-07-01756-CV, 2009 WL 930344, at *1 (Tex. App.—Dallas Apr. 8, 2009, no pet.) (mem. op.) (holding $10,000 attorney fee order in child custody case, payable in monthly installments of $300 due to appellant's financial difficulties, was not an abuse of discretion because some evidence supported award).  Though satisfying the award may be onerous and require financial discipline, there exists some evidence that Joanna has an ability to pay it.  *See id.*  We cannot agree with Joanna that no evidence supports the amount awarded or that she conclusively established that she is unable to pay the fee award.  *See Ford*, 2009 WL 679672, at *6-7.

---

[5] We presume that all fact findings needed to support the judgment were made by the trial judge.  *Smith v. Smith*, 22 S.W.3d 140, 149 (Tex. App.—Houston [14th Dist.] 2000, no pet.).

[6] Citing Family Code section 81.004(b), Joanna says she has merely two months to pay the award.  We disagree.  Section 81.004(b) does not apply to payment of attorney's fees.  Tex. Fam. Code § 81.004(b).

Further, after considering the record in its entirety, we cannot say that the trial court's award of fees is so contrary to the overwhelming weight of evidence as to be clearly wrong and unjust.

We conclude that both legally and factually sufficient evidence supports the trial court's $10,131 fee award. Thus, the trial court did not abuse its discretion. *See, e.g.*, *Butnaru*, 84 S.W.3d at 211 (no abuse of discretion when some evidence reasonably supports trial court's decision); *Bocquet*, 972 S.W.2d at 21 (trial court abuses discretion if it rules without any supporting evidence).

We overrule Joanna's first and second issues.

**C.      Lack of Findings on Ability to Pay**

Joanna asserts in her third issue that the trial court's order must be reversed because the trial court's findings of fact and conclusions of law "are silent on the subject of [Joanna]'s income or ability to pay an award of attorney's fees." We disagree that the absence of findings on that specific issue compels us to reverse the order.

After the court files original findings of fact and conclusions of law, any party may file with the clerk of the court a request for specified additional or amended findings or conclusions. Tex. R. Civ. P. 298. "If the trial court's original findings do not include any findings on a ground of recovery or defense, . . . then the party relying on the ground of recovery or the defense must request additional findings of fact in proper form or the ground is waived." *Howe v. Howe*, 551 S.W.3d 236, 248 (Tex. App.—El Paso 2018, no pet.); *see Smith v. Smith*, 22 S.W.3d 140, 149 (Tex. App.—Houston [14th Dist.] 2000, no pet.). We presume that the trial judge made all fact findings needed to support the judgment, including that Joanna's monthly income exceeds her monthly expenses. *Smith*, 22 S.W.3d at

10

149. This presumed finding is supported by the record. Further, because Joanna failed to request additional findings on her inability-to-pay defense, she cannot rely on the lack of an express specific finding as a ground for reversal. *See Howe*, 551 S.W.3d at 248; *Pagare v. Pagare*, 344 S.W.3d 575, 581 (Tex. App.—Dallas 2011, pet. denied); *Smith*, 22 S.W.3d at 149 ("Failure by a party to request additional or amended findings or conclusions waives the party's right to complain on appeal about the presumed finding.").

Joanna relies on a 2001 opinion from the Dallas Court of Appeals case to support her argument. *See Hermosillo v. Saxton*, No. 05-98-02045-CV, 2001 WL 985161, at *1 (Tex. App.—Dallas Aug. 29, 2001, no pet.) (not designated for publication). Apart from lacking precedential value, *see* Tex. R. App. P. 47.7(b), *Hermosillo* considered a record that, unlike the one before us, contained absolutely no evidence concerning Hermosillo's income or his ability or inability to pay attorney's fees. *Id.* at *1-2. Here, the record contains some evidence of Joanna's assets, monthly income, and monthly expenses, and it supports a finding that Joanna has an ability to pay the attorney's fee award.

Accordingly, we overrule Joanna's third issue.

We affirm the trial court's order awarding fees and costs.


/s/     Kevin Jewell
        Justice


Panel consists of Justices Jewell, Bourliot, and Zimmerer.

11